TEXAS DEPARTMENT OF
TRANSPORTATION,
Appellant,

v.

Librado ARZATE, et al., Appellees.

No. 08–03–00425–CV.

Court of Appeals of Texas,
El Paso.

Dec. 16, 2004.

Richard Mason, Assistant Attorney General, Austin, for appellant.

Ruggero S. Provenghi, El Paso, for appellee.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

The Texas Department of Transportation appeals the trial court's denial of its plea to the jurisdiction pursuant to Section 51.014(a)(8) of the Texas Civil Practices and Remedies Code. *See Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (holding that a governmental defendant may contest in a plea to the jurisdiction whether the State has waived immunity from suit). For the reasons that follow, we reverse and render.

### FACTUAL SUMMARY

This case involves a horrific and tragic accident which occurred on a stretch of roadway well known to daily commuters for its high death toll. On the morning of February 27, 2002, Estella Martinez was driving a vehicle westbound in the 1700 block of West Paisano, a state highway, in El Paso, Texas.[1] She carried four passengers in her car. The plaintiffs below claimed that a dump truck clipped the rear of the car causing Martinez to lose control of the vehicle.[2] Her car then traveled across the low and narrow median into the eastbound lane of Paisano, where it collided head-on with another vehicle, killing its driver. The crash also resulted in the death of Martinez and three of her passengers.

### PROCEDURAL SUMMARY

The survivors of Martinez and the passengers killed in the crash, together with the one surviving passenger, brought suit against TxDOT. After filing their original petition and their first amended petition, the plaintiffs filed a notice of nonsuit without prejudice as to TxDOT, which the trial court granted. In their second amended petition, however, the plaintiffs again sued TxDOT, the driver of the dump truck,[3] the business that owned the dump truck, and its owner. Pertinent to this appeal, they alleged that:

- TxDOT negligently maintained the stretch of road by failing to place jersey barricades in the median on a one-half mile stretch in the 1700 block of Paisano when barricades were placed on the outer lanes and at other locations along the street;

- TxDOT had a duty under the Uniform Manual on Traffic Devices to properly maintain that stretch of Paisano by placing a median barricade at that location;

---

1. Contrary to the petition, the police report states that Rosario Flores was driving the vehicle at the time of the accident.

2. The police report differs here as well, indicating that the driver made an improper lane change, which caused her to strike the dump truck and lose control of the vehicle.

3. The driver of the dump truck left the scene of the accident.

- TxDOT's failure to place a median barricade created a dangerous condition; and
- TxDOT's conduct was grossly negligent due to negligent maintenance, the high rates of speed allowed on this stretch of roadway, and the narrow two to three inch median.

TxDOT filed a plea to the jurisdiction asking that the suit be dismissed, contending that the plaintiffs' claims fell outside the Texas Tort Claims Act because there had been no waiver of sovereign immunity. It also claimed that while the plaintiffs' framed their cause of action as a case of negligent maintenance, in substance the suit merely criticized a discretionary road design. Finally, TxDOT contested the allegation that the Texas Manual on Uniform Traffic Control Devices created a legal duty to place a barricade in that location because the manual constitutes only a guideline, not a standard for liability.

The plaintiffs responded that TxDOT had a duty to maintain state highways and to warn about dangerous conditions posing an unreasonable risk of harm. They also argued that these maintenance activities were at the operational level, were not discretionary, and were not immune from liability. In addition, they maintained that this was a premises defect case, not a suit addressing discretionary design. The trial court denied the plea to the jurisdiction, and this appeal follows. Plaintiffs below are referred to collectively herein as Appellees.

## PLEA TO THE JURISDICTION

A plea to the jurisdiction is a dilatory plea by which a party contests the trial court's authority to determine the subject matter of the cause of action. *City of Saginaw v. Carter*, 996 S.W.2d 1, 2 (Tex.App.-Fort Worth 1999, pet. dism'd

w.o.j.); *State v. Benavides*, 772 S.W.2d 271, 273 (Tex.App.-Corpus Christi 1989, writ denied). The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *City of Saginaw*, 996 S.W.2d at 2. In the context of suit against a governmental unit, the plaintiff must allege consent to suit either by reference to statute or express legislative permission. *Jones*, 8 S.W.3d at 638; *Missouri Pac. R.R. Co. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 813 (Tex.1970); *Texas Parks & Wildlife Dep't v. Garrett Place, Inc.*, 972 S.W.2d 140, 143 (Tex.App.-Dallas 1998, no pet.).

### Standard of Review

Subject matter jurisdiction is a legal question which we review *de novo*. *City of Saginaw*, 996 S.W.2d at 2; *Texas Dep't of Health v. Doe*, 994 S.W.2d 890, 892 (Tex.App.-Austin 1999, pet. dism'd by agr.). We look solely to the allegations in the petition and accept them as true. *See City of Saginaw*, 996 S.W.2d at 2–3; *Firemen's Ins. Co. of Newark, N.J. v. Board of Regents of University. of Texas System*, 909 S.W.2d 540, 541 (Tex.App.-Austin 1995, writ denied). We do not examine the merits of the case. *See City of Saginaw*, 996 S.W.2d at 3. If the petition does not allege jurisdictional facts, the plaintiff's suit is subject to dismissal only when it is impossible to amend the pleadings to confer jurisdiction. *City of Saginaw*, 996 S.W.2d at 3; *see Texas Ass'n of Bus.*, 852 S.W.2d at 446; *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 739 (Tex.App.-Austin 1994, writ denied).

### Texas Tort Claims Act

In Point of Error One, TxDOT argues that Appellees' claims are not within the

scope of the Texas Tort Claims Act and that there has been no waiver of sovereign immunity under Section 101.056 of the Texas Civil Practice and Remedies Code. In Point of Error Two, the Department contends that discretionary acts of the sovereign remain immune. We will address these issues together.

■ TxDOT, as a state agency, is immune from suit unless that immunity is waived. *Tex. Dep't of Transp. v. City of Floresville Elec. Power & Light Sys.*, 53 S.W.3d 447, 455 (Tex.App.-San Antonio 2001, no pet.), *citing Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex.2000). The Act provides that a governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). The Act does not apply to:

(1) the failure of a governmental unit to perform an act that the unit is not required by law to perform; or

(2) a governmental unit's decision not to perform an act or on its failure to make a decision on the performance or nonperformance of an act if the law leaves the performance or nonperformance of

the act to the discretion of the governmental unit.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.056.

■ The installation of roadway safety devices is discretionary. *See Stanford v. State*, 635 S.W.2d 581, 582 (Tex.App.-Dallas 1982, writ ref'd n.r.e.). Sovereign immunity precludes a plaintiff from alleging misfeasance on the part of the government by failing to install certain safety features, such as guard rails and stop signs. *See id; Miller v. City of Fort Worth*, 893 S.W.2d 27, 33 (Tex.App.-Fort Worth 1994, writ dism'd by agr.). The Act does not waive sovereign immunity for roadway design, which is a discretionary act. *Texas Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex.2002) (finding that the design of highway and lack of barrier in median between north and southbound lanes reflected discretionary decisions for which TxDOT retained immunity); *see State v. Miguel*, 2 S.W.3d 249, 251 (Tex.1999) (holding that decisions about highway design and about what type of safety features to install are discretionary policy decisions that are protected by sovereign immunity).

■ Whether a condition on state property is a premises defect or a special defect is a question of law. TEX.CIV.PRAC. & REM.CODE ANN. § 101.021. As to premises and special defects:

(a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of

traffic signs, signals, or warning devices as is required by Section 101.060.

Tex.Civ.Prac. & Rem.Code Ann. § 101.022. To establish governmental liability for premises defects, a plaintiff must plead and prove that: (1) the condition is unreasonably dangerous; (2) the government had knowledge of the defect and did not repair or warn of the defect after a reasonable amount of time; (3) the injured party did not have prior knowledge of the defect; and (4) the defect was the proximate cause of the injured party's harm. *See State Dep't of Highways & Public Transp. v. Payne,* 838 S.W.2d 235, 237 (Tex.1992). We look to the plaintiffs' petition to determine if it sufficiently pleads facts which, if taken as true, will support jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993).

## Appellees' Arguments

The pleadings alleged that TxDOT negligently maintained the 1700 block of West Paisano and that the Department had a duty by virtue of the Manual of Uniform Traffic Control Devices to place jersey barricades in the median. They further contended that since TxDOT had notice of the roadway's dangerous nature, it had breached its duty by failing to place median barricades. In their response to the plea to the jurisdiction, Appellees argued that where an act is clearly mandated by law, the discretionary exemption does not apply. These arguments were premised on the fact that TxDOT has a duty to properly maintain state highways and Appellees' belief that the Manual of Uniform Traffic Control Devices imposes a duty to properly implement and maintain barricades. They also contended that Section 101.022 of the Texas Civil Practice & Remedies Code placed a duty on TxDOT to repair dangerous conditions posing an unreasonable risk to the traveling public and that immunity was waived where mainte-

nance was necessary to keep the roads free of unreasonably dangerous conditions. Finally, Appellees claimed that the lack of a median barricade was a premises defect under Section 101.022.

## *Negligent Maintenance*

■ We agree with Appellees that TxDOT has a duty to properly maintain state highways. *See* Tex.Transp.Code Ann. § 224.031, 224.032 (Vernon 1999). We also agree that maintenance is clearly distinguishable from design in that maintenance refers to the preservation of existing conditions. Stated differently, maintenance is the continuing implementation of a previous policy decision. *See City of Fort Worth v. Gay,* 977 S.W.2d 814, 817 (Tex. App.-Fort Worth 1998, no pet.); *Brown v. Texas Dep't of Transportation,* 80 S.W.3d 594, 598 (Tex.App.-Corpus Christi 2000), *aff'd by County of Cameron v. Brown,* 80 S.W.3d 549 (Tex.2002). Maintenance is the preservation of existing infrastructure. *See Garza v. State,* 878 S.W.2d 671, 675 (Tex.App.-Corpus Christi 1994, no writ) (finding that maintenance involves the preservation of existing conditions); *see also Siders v. State,* 970 S.W.2d 189, 193 (Tex.App.-Dallas 1998, pet. denied) (finding a duty to maintain highway as designed).

Appellees cite *Brown* in support of their claim that the failure to install barricades along the 1700 block of Paisano was a premises defect. *See Brown,* 80 S.W.3d at 594. *Brown* involved lighting along the Queen Isabella Causeway. *Id.* At the time of the accident, forty-five of the one-hundred lights on the causeway were not functioning. *Id.* The court noted that the absence of lighting resulted from non-functioning lights on the *existing* roadway lamps. *Id.* at 598. This was not the result of faulty design but of a failure to maintain the existing lights. *Id.*

Reliance upon *Brown* for negligent maintenance is misplaced because this case does not involve failure to maintain an *existing* barrier. Appellees merely contend that TxDOT should have installed a barrier. If a barrier did not exist, it could not be maintained. Therefore, the case at bar involves a discretionary design decision and thus does not fall under the Act. *See* Tex.Civ.Prac. & Rem.Code Ann. § 101.056; *Stanford,* 635 S.W.2d at 582; *Miller,* 893 S.W.2d at 33.

### Premises Defect

Alternatively, Appellees alleged that the failure to install a barricade was a premises defect. In *Brown,* after the court determined that there was a failure to maintain the lights, it examined whether the failure to maintain constituted a premises defect. *Id.* "Premises" includes the structure, parts, and appurtenances. *Billstrom v. Memorial Med. Ctr.,* 598 S.W.2d 642, 646 (Tex.App.-Corpus Christi 1980, no writ). "Defect" means an imperfection, shortcoming or want of something necessary for completion. *See id.* at 646. Appellees asserted in their petition that the premises defect on the highway created an unreasonably dangerous condition of which TxDOT was aware, that the condition proximately caused the death of Martinez and her passengers, and that the deaths resulted from the Department's gross negligence.

The lack of safety features, such as barriers or guardrails, reflect discretionary decisions for which TxDOT retains immunity under the Act's discretionary function exception. *See* Tex.Civ.Prac. & Rem.Code Ann. § 101.056; *Ramirez,* 74 S.W.3d at 864; *Miguel,* 2 S.W.3d at 251; *State v. Rodriguez,* 985 S.W.2d 83, 85 (Tex.1999); *Maxwell v. Texas Dep't of Transp.,* 880 S.W.2d 461, 463–64 (Tex.App.-Austin 1994, writ denied). Appellees do not have a cognizable premises defect claim under the Act since the act was discretionary. Consequently, their petition does not state a cause of action falling within the Act.

### Conclusion

We conclude that the trial court improperly denied the plea to the jurisdiction based on sovereign immunity. Appellees failed to properly plead jurisdictional facts which conferred proper subject matter jurisdiction as the acts complained of were discretionary and did not fall within the Act. Generally, litigants are permitted to amend to cure pleading defects when the pleadings do not allege sufficient jurisdictional facts. *See Texas Ass'n of Bus.,* 852 S.W.2d at 446; *City of Midland v. Sullivan,* 33 S.W.3d 1, 7 (Tex.App.-El Paso 2000, pet. denied). Here, there is no pleading defect; the pleadings and the evidence affirmatively show that all complaints concern discretionary decisions for which the State retains immunity from suit under Section 101.056 of the Act. *See* Tex.Civ.Prac. & Rem.Code Ann. § 101.056(2); *Miguel,* 2 S.W.3d at 251; *Rodriguez,* 985 S.W.2d at 85; *Maxwell,* 880 S.W.2d at 463–64. Because it is impossible for Appellees to amend their pleadings to invoke jurisdiction, their suit must be dismissed. *See Sullivan,* 33 S.W.3d at 7. We sustain Points of Error One and Two. Because of our disposition, it is unnecessary for us to address Point of Error Three. The judgment of the trial court is reversed and rendered.