Reversed and Rendered and Opinion filed September 17,
2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-01092-CV

____________

 

BRAZORIA COUNTY, Appellant

 

v.

 

KYM VAN GELDER, Appellee

 



 

On Appeal from the
239th District Court

Brazoria County,
Texas

Trial Court Cause
No. 44547

 



 

O P I N I
O N








Brazoria County, the appellant in this interlocutory appeal,
asserts governmental immunity against a personal-injury lawsuit filed by the
appellee, Kym Van Gelder.  Van Gelder alleges that a road bump constitutes a Aspecial defect@ for which the Texas Tort Claims Act
(the ATTCA@) waives immunity and that Brazoria
County (the ACounty@) can also be held responsible under ordinary premises liability for,
among other things, choosing a warning sign that mislabels the road Abump@ as a Ahump.@  We hold Van Gelder has failed to
invoke the trial court=s subject-matter jurisdiction.  Accordingly, we reverse the
trial court=s order denying the County=s plea to the jurisdiction, and we
render judgment dismissing the suit for want of jurisdiction.

                                                                             I.

                                                               Background

This suit involves the design and maintenance of County Road
168, in Brazoria County.  For several decades, the road has featured a Asharp uprise@ where it connects with a bridge that
spans the Briscoe Irrigation Canal.  To prepare drivers for the abruptly sloped
pavement, the County installed a sign that reads, AHump Ahead.@

On June 4, 2006, Van Gelder was riding passenger in a vehicle
along County Road 168.  The driver, Bryan Applewhite, lost control of the
vehicle after driving over the sloped road bump.  The car left the road, rolled
over, and struck a culvert.  The investigating officer later concluded that
Applewhite had been drinking alcohol and that, although he was not speeding, he
still operated the car in an unsafe manner.

Van Gelder, who was injured in the accident, sued Applewhite
for negligence.  Applewhite entered into a settlement with Van Gelder and was
then non-suited.  In addition, Van Gelder sued the County, alleging that the
road bump constituted either a Aspecial defect@ or a premises defect.  Apparently
perceiving some distinction between a road hump and a bump, Van
Gelder claims the County should have placed a ABump@ sign instead of the posted AHump Ahead@ sign, which she contends fails to
adequately warn drivers about the perils posed by the uprise in the pavement. 
In addition to her inadequate-warning claims, Van Gelder alleged that the
County should have lowered the posted speed limit on the county road from forty
miles per hour to twenty-five miles per hour.








The County asserted governmental immunity through a plea to
the jurisdiction, raising five arguments:  (1) the bump is not a special defect;
(2) Van Gelder=s premises-liability claims arise from the County=s exercise of its discretionary
functions; (3) the local water district, and not the County, is responsible for
the design, construction, and maintenance of the canal bridge; (4) the bridge
and road were constructed before the effective date of the Texas Tort Claims
Act; and (5) its immunity is not waived under the Road and Bridges Act.[1] 
The trial court denied the County=s plea without explaining its
reasoning, leading to this interlocutory appeal in which the County raises the
same arguments presented to the trial court.  See Tex. Civ. Prac. &
Rem. Code Ann. ' 51.014(a)(8) (Vernon 2008).

                                                                            II.

                                                      Standard of Review

The doctrine of governmental immunity protects political
subdivisions of the State, including counties, from lawsuits for damages unless
immunity has been waived or the claimant has received legislative consent to
bring suit.  See Tara Partners, Ltd. v. City of S. Houston, 282
S.W.3d 564, 576 (Tex. App.CHouston [14th Dist.] 2009, pet. filed); Seureau v.
ExxonMobil Corp., 274 S.W.3d 206, 215 (Tex. App.CHouston [14th Dist.] 2008, no pet.). 
Generally, a trial court lacks subject-matter jurisdiction to hear a suit
against a governmental entity absent an exception to immunity.  See Clear
Lake City Water Auth. v. Friendswood Dev. Co., 256 S.W.3d 735, 740 (Tex.
App.CHouston [14th Dist.] 2008, pet. dism=d).  








The plaintiff bears the burden of affirmatively demonstrating
the trial court=s subject-matter jurisdiction over a case.  See Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). 
In turn, a defendant may challenge the court=s subject-matter jurisdiction by
filing a plea to the jurisdiction.  Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000).  In ruling on a defendant=s plea that challenges the
sufficiency of the plaintiff=s pleadings, the court must construe the allegations in the
plaintiff=s favor.  Tex. Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 
However, if the plea is directed at the existence of jurisdictional facts, the
court may consider evidence submitted by the parties to the extent necessary to
decide the question of jurisdiction.  See id. at 227.  In that scenario,
the court assumes as true all evidence favoring the nonmovant.  See id.
at 228.  If the relevant evidence is undisputed or fails to raise a fact issue
on jurisdiction, the plea should be granted.  See id.  By contrast, if
the evidence reveals a fact question on the jurisdictional issue, the dispute
must be resolved by the fact-finder.  See id. at 227B28.  Because subject-matter
jurisdiction is a question of law, we review the trial court=s ruling on a plea to the
jurisdiction de novo.  Houston Mun. Employees Pension Sys. v. Ferrell,
248 S.W.3d 151, 156 (Tex. 2007).

                                                                           III.

                                                                    Analysis

We begin with the County=s first issue, which address the TTCA=s waiver of immunity for special
defects and certain premises defects.  The County=s first issue is split into two
parts.  First, the County contends the road bump is not a special defect, as a
matter of law.  Second, the County argues that Van Gelder=s premises-liability allegations,
even taken as true, implicate discretionary functions for which the County
retains immunity.  We agree on both counts, and therefore will sustain the
County=s first issue.

A.        Waiver
of Immunity for Special Defects








Generally, the TTCA limits the duty a governmental unit owes
to a claimant who alleges a premises defect.  See Tex. Civ. Prac. &
Rem. Code Ann. ' 101.022(a) (Vernon Supp. 2008).  However, that provision
does not limit the government=s duty to warn about Aspecial defects such as excavations
or obstructions on highways, roads, or streets.@  Id. ' 101.022(b).  Thus, if the road bump
qualifies as a special defect, the County=s immunity may be waived as to its
failure to post an adequate warning.  See id.; Harris County v.
Estate of Ciccia, 125 S.W.3d 749, 753 (Tex. App.CHouston [1st Dist.] 2003, pet. denied).

The Texas Supreme Court recently issued three opinions on the
topic of special defects.  See Tex. Dep=t of Transp. v. Gutierrez, 284 S.W.3d 848 (Tex. 2009); Tex.
Dep=t of Transp. v. York, 284 S.W.3d 844 (Tex. 2009); Denton County v. Beynon,
283 S.W.3d 329 (Tex. 2009).  None of these cases involve a road bump, the
condition about which Van Gelder complains here.  See Gutierrez, 284
S.W.3d at 849 (loose gravel); York,  284 S.W.3d at 845 (loose gravel); Beynon,
283 S.W.3d at 330 (floodgate arm located off the side of a roadway).  However,
these cases serve as a reminder[2] that, in
order to qualify as a special defect, a condition must be Aof the same kind or fall[] within the
same class as an excavation or obstruction.@  York, 284 S.W.3d at 847
(emphases added).  Stated differently, any condition that falls outside of that
category cannot be a special defect.  See id.; Beynon, 283 S.W.3d
at 331B32 (A[A] court cannot >classify as Aspecial@ a defect that is not like an excavation
or obstruction on a roadway.=@) (quoting State Dep=t of Highways & Pub. Transp. v.
Payne, 838 S.W.2d
235, 239 n.3 (Tex. 1992)).

Whether a condition amounts to a special defect is a question
of law we review de novo.  See York, 284 S.W.3d at 847; Payne,
838 S.W.2d at 238.  In deciding this question, we may consider such factors as
(1) the size of the condition, (2) whether the condition unexpectedly and
physically impairs a car=s ability to travel on the road, (3)  whether the condition
presents some unusual quality apart from the ordinary course of events, and (4)
whether the condition presents an unexpected and unusual danger to the ordinary
users of the roadway.  See York, 284 S.W.3d at 847.








During oral argument, Van Gelder conceded that the road bump
does not resemble an Aexcavation,@ a term generally used to refer to a hole.  See York,
284 S.W.3d at 847 (holding loose gravel was not an Aexcavation@ because it did not create hole in
the road); City of El Paso v. Chacon, 148 S.W.3d 417, 420, 425 (Tex.
App.CEl Paso 2004, pet. denied) (hole
created by removal of utility pole); Peterson v. City of Fort Worth, 966
S.W.2d 773, 776 (Tex. App.CFort Worth 1998, no pet.) (channel dug in ground); Sinko
v. City of San Antonio, 702 S.W.2d 201, 203 (Tex. App.CSan Antonio 1985, writ ref=d n.r.e.) (hole in parking lot).[3] 
Thus, to qualify as a special defect, the road bump must fall in the same class
as a roadway Aobstruction.@  See York, 284 S.W.3d at 847.

Here, the allegedly dangerous condition consists of a Asudden and abrupt@ rise in the pavement where the
county road slopes upward to cross over a bridge spanning the irrigation canal. 
Generally, road bumps and rises in the pavement have not been considered
special defects.  See City of Dallas v. Reed, 258 S.W.3d 620, 622 (Tex.
2008); Hindman v. State Dep=t of Highways & Pub. Transp., 906 S.W.2d 43, 45B46 (Tex. App.CTyler 1994, writ denied) (AWe do not agree that the Legislature,
in creating an exceptional class of road defects for which the State carries a
higher degree of liability, meant to include in such class every pothole or
bump encountered on a public highway in Texas[.]@); Dippel v. Refugio County Mem=l Hosp. Dist., No. 13-01-211-CV, 2002 WL 121931,
at *4 (Tex. App.CCorpus Christi Jan. 31, 2002, no pet.) (mem. op., not
designated for publication).  In addition, the record indicates that the road
bump does not physically block, or otherwise prevent cars from driving on,
County Road 168.[4]  See York,
284 S.W.3d at 847B48.  Accordingly, the bump does not obstruct the
county road in the manner required to constitute a special defect.  See id.








In her pleadings, Van Gelder alleges that the sloped pavement
resulted from construction that involved both excavation and
obstructions.  That is, she argues that the canal was excavated to build the
levees, which then obstructed the county road.  As a result, a bridge was
erected to cross the canal and levees, and the county road was sloped upward to
connect to the bridge.  However, these allegations, even taken as true,
indicate only that the sloped pavement is not itself an obstruction, but
instead at most a detour over an obstruction.  That scenario does not
fit the category of a special defect:

The court of appeals reasoned that because the detour
was designed to route U.S. 77 around an excavation, the excavation=s status as a special defect extended to the detour. 
Again, we disagree.  The excavation did not cause the accident.  The detour was
located near the excavation, but it was not a condition of the same kind or
class as the excavation.  This detour=s
sharp turn and other alleged design flaws did not unexpectedly and physically
impair a vehicle=s ability to travel on the roadway in the same way as
a ditch in the road or a ten-inch drop along the shoulder.

 

State v. Rodriguez, 985 S.W.2d 83, 86 (Tex. 1999) (citations omitted), abrogated on
other grounds by Denton County v. Beynon, 283 S.W.3d 329 (Tex. 2009).








Finally, the record reveals that the road bump has been a
permanent condition since the construction of the bridge in 1967, and therefore
does not represent an unusual or unexpected danger to the ordinary users of the
county road.  See York, 284 S.W.3d at 847.  Accordingly, as a
longstanding or permanent structure, the road bump does not qualify as a
special defect.  See Tex. Dep=t of Transp. v. Andrews, 155 S.W.3d 351, 356B57 (Tex. App.CFort Worth 2004, pet. denied); City
of Mission v. Cantu, 89 S.W.3d 795, 809 (Tex. App.CCorpus Christi 2002, no pet.); Stokes
v. City of San Antonio, 945 S.W.2d 324, 326 (Tex. App.CSan Antonio 1997, no writ); Harris
County v. Smoker, 934 S.W.2d 714, 718B19 (Tex. App.CHouston [1st Dist.] 1996, writ
denied); see also Estate of Ciccia, 125 S.W.3d at 754 (AThe design of a roadway is a
permanent feature and thus not an unusual or unexpected danger.@); Villarreal v. State, 810
S.W.2d 419, 422 (Tex. App.CDallas 1991, writ denied) (A[A] special defect must be something
out of the ordinary course of events rather than a long-standard, routine, or
permanent defect.@).

Accordingly, because the road bump does not represent a
special defect, we hold section 101.022(b) of the Texas Tort Claims Act does
not waive the County=s immunity from suit.  We next address Van Gelder=s premises-liability claims against
the County.

B.        Premises
Liability Involving Discretionary Acts

Our determination that the road bump is a premises defect and
not a special defect does not end our analysis, because the TTCA also waives
the government=s immunity for certain premises defects.  See Tex. Civ. Prac.
& Rem. Code Ann. ' 101.022(a).  However, the TTCA does not waive immunity for
alleged premises defects that arise from the government=s exercise of its discretionary
functions.  See id. ' 101.056(2); Perez v. City of Dallas, 180 S.W.3d 906,
913 (Tex. App.CDallas 2005, no pet.); Tex. Dep=t of Transp. v. Arzate, 159 S.W.3d 188, 193 (Tex. App.CEl Paso 2004, no pet.).

Van Gelder=s premises-liability allegations include the following
theories of liability:  (1) the road bump constitutes a premises defect of
which the County was aware but Applewhite and Van Gelder were not; (2) the
County failed to adequately warn about the defect, having incorrectly selected
a AHump Ahead@ sign instead of a ABump@ sign; and (3) the County should have
set the maximum speed limit at twenty-five miles per hour instead of forty
miles per hour.  However, all three allegations implicate a government=s discretionary acts; therefore, the
TTCA does not waive the County=s immunity from suit.








We begin with Van Gelder=s claim that the road bump
constitutes a premises defect.  The record indicates that the bump is a
permanent condition of the roadway and resulted from the decision to abruptly
slope the road to connect to the bridge, which was built at a higher elevation
than the county road.  Even if the pavement slopes at a steep or abrupt angle,
as Van Gelder contends, the design of a roadway such as County Road 168
reflects a discretionary act for which the government retains immunity.  See
Tex. Dep=t of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002)
(holding slope of a median resulted from discretionary decision); Perez,
180 S.W.3d at 911, 913; Arzate, 159 S.W.3d at 191; see also Estate of
Ciccia, 125 S.W.3d at 753 (AThe design of a roadway is a discretionary function involving
many policy decisions; thus, the responsible governmental unit=s sovereign immunity is not waived
for flawed roadway design.@).

In her second allegation, Van Gelder contends that, by
posting a AHump Ahead@ sign instead of a ABump@ sign, the County failed to warn
drivers about the impending bump and also violated the Texas Manual on Uniform
Traffic Control Devices.  We note, parenthetically, that compliance with the
Manual=s provisions is not mandatory.  See
State Dep=t of Highways & Pub. Transp. v. King, 808 S.W.2d 465, 466 (Tex. 1991); Andrews,
155 S.W.3d at 359; City of Midland v. Sullivan, 33 S.W.3d 1, 14B15 (Tex. App.CEl Paso 2000, pet. dism=d w.o.j.).  In addition, the
government=s decision whether to place a safety device, or which one to use, is also
a discretionary act.  See State v. Miguel, 2 S.W.3d 249, 251 (Tex.
1999); Ramirez, 74 S.W.3d at 867; Rodriguez, 985 S.W.2d at 86; Maxwell
v. Tex. Dep=t of Transp., 880 S.W.2d 461, 464 (Tex. App.CAustin 1994, writ denied) (AIt is not proper for a court to
second-guess the agency=s decision that some other type of marker or safety device
would have been more appropriate. . . .  To do so would displace the authority
of the agency responsible for making such decisions.@).  Therefore, the TTCA does not
waive the County=s immunity for allegedly selecting the wrong sign to warn
drivers about the road bump.[5]








Finally, Van Gelder challenges the County=s decision to set the speed limit on
County Road 168 at forty miles per hour.  However, the TTCA does not waive
immunity for this claim because, as with the selection of traffic signs, the
government=s decision as to the maximum speed limit is a discretionary act.  See
Tex. Dep=t of Transp. v. Garza, 70 S.W.3d 802, 808 (Tex. 2002)
(refusing to find waiver of immunity where speed-limit sign correctly reflects
the legal speed limit); Bellnoa v. City of Austin, 894 S.W.2d 821, 827
(Tex. App.CAustin 1995, no writ); Shives v. State, 743 S.W.2d 714, 716 (Tex.
App.CEl Paso 1987, writ denied).

Van Gelder has not shown that the road bump represents a
special defect.  Further, all of her premises-liability allegations refer to
the County=s discretionary acts; therefore, the County retains immunity from a
lawsuit questioning those decisions.  See Tex. Civ. Prac. &
Rem. Code Ann. ' 101.056(2).  Accordingly, we sustain the County=s first issue.  Having done so, we
need not address the County=s other three issues in this appeal.  See Tex. R.
App. P. 47.1.

                                                                CONCLUSION

Appellee, Kym Van Gelder, has not demonstrated that the Texas
Tort Claims Act waives Brazoria County=s governmental immunity from suit. 
Therefore, the trial court lacks subject-matter jurisdiction over Van Gelder=s lawsuit and erred by denying the
County=s plea to the jurisdiction. 
Accordingly, we reverse the order of the trial court and render judgment
dismissing the suit for want of jurisdiction.

 

/s/        Kent C. Sullivan

Justice

 

 

Panel
consists of Justices Seymore, Brown, and Sullivan.  (Seymore, J., dissents
without opinion).









           [1] 
See Tex. Transp. Code Ann. ''
254.001B.019 (Vernon 1999).





           [2] 
The Court=s recent pronouncements echo its earlier analysis three
decades before, in County of Harris v. Eaton, 573 S.W.2d 177 (Tex.
1978).  In Eaton, the Court applied the ejusdem generis rule of
statutory construction in holding that a special defect includes conditions of
the same kind or class as excavations or obstructions, the two conditions
specifically mentioned in the statute.  See id. at 179.





           [3] 
See also Eaton, 573 S.W.2d at 181 (Steakley, J., dissenting) (AAn excavation is defined as a cavity formed by
cutting, digging, or scooping.@).





           [4] 
Although the record contains no specific estimates about the size of the bump,
both parties= evidence suggests vehicles can, and do, drive over
the county road and bridge without incident.





           [5] 
Because we hold that the allegedly incorrect choice of a AHump Ahead@
sign is a discretionary act, we do not address Van Gelder=s argument that the County=s selection of a specific safety device constitutes a Acondition[] or malfunction of traffic signs, signals
or warning devices@ for which section 101.022(b) waives immunity.  We
leave for another day the resolution of the legal difference, if any, between a
hump and a bump.  See Tex. R. App. P. 47.1.