COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





STATE OFFICE OF RISK
MANAGEMENT,

                                    Appellant,

v.

LINDA RODRIGUEZ,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-10-00278-CV

Appeal from
 County Court at Law No. 7

of El Paso County, Texas

(TC # 2009-815)



 

 

 




O P I N I O N

            This is an interlocutory appeal of an order overruling the State Office of Risk Management’s
second plea to the jurisdiction. Linda Rodriguez appealed a worker’s compensation claim to the
district court from the Texas Department of Insurance-Division of Workers’ Compensation. She
asked the district court to review the Division’s determination that she reached maximum medical
improvement on June 30, 2000 with an impairment rating of 5 percent. SORM filed a second plea
to the jurisdiction arguing no justiciable issue existed because only one valid impairment rating was
presented to the Division.


 The trial court overruled the plea, and SORM appeals. 
FACTUAL AND PROCEDURAL BACKGROUND
             On or around June 30, 1998, Rodriguez sustained a compensable injury to her hands, wrists,
and shoulders while working for the Texas Department of Human Services in El Paso.


 On June 30,
2000, Rodriguez reached her statutory date of maximum medical improvement (“MMI”).


 
Approximately seven years later, on March 15, 2007, Rodriguez sought a whole body impairment
rating (IR) from her treating physician, Terren Klein, M.D.


 Dr. Klein examined Rodriguez and
certified her with a 24 percent IR under the AMA Guides Fourth Edition. Subsequently, Dr. Klein
amended Form 69 using the AMA Guides Third Edition and assigned a 25 percent IR. 
            On June 29, 2007, the Division’s designated doctor, Howard Douglas, M.D., examined
Rodriguez. He assigned her a 5 percent impairment rating pursuant to the Fourth Edition. In
response to a letter from the Division advising Third Edition should be utilized, Dr. Douglas re-evaluated his reports and submitted an amended Form 69, again assigning a 5 percent IR. The
record also shows that on January 7, 2000, Dr. Thomas Alost (Rodriguez’s then treating doctor)
examined Rodriguez and certified that she reached MMI on that date with a 7 percent IR using the
Third Edition.
            Although the parties agreed to several important facts, they could not agree on the correct
impairment rating. So, on May 6, 2008, the Division held a contested hearing to determine
Rodriguez’s IR. The parties stipulated that: (1) on June 30, 1998, Rodriguez sustained a
compensable injury; (2) Rodriguez reached her statutory MMI date on June 30, 2000; (3) on
March 15, 2007, Dr. Klein assigned a 25 percent IR; (4) the Division’s designated doctor is
Dr. Douglas; and (5) on June 29, 2007, Dr. Douglas assigned a 5 percent IR. It is also undisputed
that the AMA Guides Third Edition is to be used for the assignment of the IR in this case. 
Accordingly, the sole issue in dispute was the correct IR for Rodriguez. 
            The hearing officer determined Rodriguez’s IR to be 5 percent as assigned by Dr. Douglas. 
The hearing officer’s decision was based on her determination that the report of the designated
doctor has presumptive weight, and she adopted that IR because it was not contrary to the great
weight of other medical evidence.


 She also noted there was a difference of medical opinion
between Dr. Douglas and Dr. Klein, but that Dr. Douglas’s assigned 5 percent IR was supported by
a preponderance of the evidence. Rodriguez appealed contending the hearing officer’s adoption of
the designated doctor’s assigned IR of 5 percent was contrary to the preponderance of the other
medical evidence and urged the adoption of Dr. Klein’s assigned rating. She also asserted that
Dr. Douglas’s IR could not be adopted because his narrative report stated that Rodriguez met the
criteria for a 31 percent IR, but that Dr. Douglas refused to assign that rating because of his belief
that Rodriguez could not still be injured such a long time after her initial date of injury. 
            The Division Appeals Panel found that in Dr. Douglas’s amended Form 69, based on the
Third Edition, he failed to explain how he arrived at a 5 percent IR. Because the rating was
unsupported by the evidence, the Appeals Panel held that it could not be adopted and reversed the
hearing officer’s decision. The panel also found that Dr. Klein attempted to certify an invalid IR
because his initial determination of a 24 percent IR was calculated using the wrong edition of the
AMA Guidelines. The Appeals Panel also determined that in revising his error, Dr. Klein
inaccurately and inconsistently calculated Rodriguez’s IR at 25 percent. The panel noted that using
the proper impairment rating, Dr. Klein’s IR should have been 23 percent. Finally, the Appeals
Panel invalidated the seven percent impairment rating of Rodriguez’s first treating doctor because
it was assigned prospectively to the MMI date of June 30, 2000. The Appeals Panel remanded the
case to the Division hearing officer in order to determine whether Dr. Douglas certified a statutorily
valid IR. The Appeals Panel instructed the hearing officer to: 
[A]dvise the designated doctor that an impairment rating must be assigned as of the
date of MMI and for the designated doctor to provide an explanation for the 5%
impairment rating he assigned in accordance with Rule 130.1(c)(3) and the Third
Edition of the AMA Guides or to assess a new impairment rating based on
[Rodriguez’s] condition as of the date of MMI.

            After the case was remanded, a letter of clarification was sent to Dr. Douglas who asked to
re-examine Rodriguez. On August 28, 2008, Dr. Douglas performed the re-examination and again
assigned Rodriguez a 5 percent impairment rating, this time pursuant to the Third Edition. The
hearing officer again determined Rodriguez’s IR to be 5 percent based on Dr. Douglas’s report and
examination. Once again, Rodriguez appealed the decision to the Division Appeals Panel and the
panel affirmed the hearing officer’s decision. 
            Rodriguez then sought judicial review of the Division Appeals Panel decision. On August 6,
2010, SORM filed its second plea to the jurisdiction contending that no justiciable controversy
existed because only one valid impairment rating was before the court. The trial court overruled the
motion and this appeal follows. 
STANDARD OF REVIEW AND APPLICABLE LAW
            The purpose of a plea to the jurisdiction is to dismiss a cause of action without regard to
whether the claim has merit. Bland Independent School District v. Blue, 34 S.W.3d 547, 554 (Tex.
2000). It is a dilatory plea that challenges the court’s power to adjudicate the subject matter of the
controversy. Harris County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004); Bland ISD, 34 S.W.3d at
554; Texas Department of Transportation v. Arzate, 159 S.W.3d 188, 190 (Tex.App.--El Paso 2004,
no pet.). Subject matter jurisdiction is essential to the authority of a court to decide a case. Bland
ISD, 34 S.W.3d at 553-54. Subject matter jurisdiction cannot be conferred by consent and cannot
be waived. Carroll v. Carroll, 304 S.W.3d 366, 367 (Tex. 2010); Continental Coffee Products, Co.
v. Cazarez, 937 S.W.2d 444, 448 n.2 (Tex. 1996). Whether a party has alleged facts that
affirmatively demonstrate a trial court’s subject matter jurisdiction and whether undisputed evidence
of jurisdictional facts establishes a trial court’s jurisdiction are questions of law which we review
de novo. Texas Department of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004);
Texas Natural Resource Conservation Commission v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).             When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court
must review the relevant evidence to determine whether a fact issue exists. Miranda, 133 S.W.3d
at 226. When reviewing a trial court’s ruling on a challenge to its jurisdiction, we consider the
plaintiff’s pleadings and factual assertions, as well as any evidence in the record that is relevant to
the jurisdictional issue. City of Elsa v. Gonzalez, 325 S.W.3d 622, 625 (Tex. 2010); Bland ISD, 34
S.W.3d at 555. The plaintiff bears the burden to allege facts demonstrating jurisdiction, and we
construe the pleadings liberally in the plaintiff’s favor. Id. If the evidence creates a fact question
regarding the jurisdictional issue, then the trial court cannot grant the plea, and the issue must be
resolved by the trier of fact. Miranda, 133 S.W.3d at 227-28; see City of Elsa, 325 S.W.3d at 626. 
On the other hand, if the evidence is undisputed or fails to raise a fact question, the trial court must
rule on the plea as a matter of law. Miranda, 133 S.W.3d at 228.
Impairment Rating
            An employee receives impairment income benefits according to the employee’s impairment
rating, which is the percentage of the whole body’s permanent impairment. See Tex.Lab.Code
Ann. §§ 401.011(24), 408.124. To determine the impairment rating, an examining doctor evaluates
the permanent effect of the employee’s injury under statutory guidelines. See Tex.Lab.Code Ann.
§ 408.124. The doctor expresses the rating as a percentage of permanent impairment to the whole
body. See Tex.Lab.Code Ann. §§ 401.011(24), 408.124. The greater this percentage, the greater
the amount the employee receives as impairment income benefits. See Texas Workers’
Compensation Commission v. Garcia, 893 S.W.2d 504, 514 (Tex. 1995). The impairment rating
may also qualify an employee for supplemental income benefits, which provide long-term disability
compensation. See Tex.Lab.Code Ann. § 408.142; see also Garcia, 893 S.W.2d at 514. 
            A doctor will not certify an impairment rating until the employee reaches maximum medical
improvement, the point at which the employee’s injury will not materially improve with additional
rest or treatment. See Tex.Lab.Code Ann. § 408.121. The date of maximum medical improvement
is fixed when an examining doctor certifies that no further material recovery or lasting improvement
can reasonably be anticipated. See Tex.Lab.Code Ann. §§ 401.011(30), 408.123. The Act
presumes that maximum medical improvement will be reached not later than two years after income
benefits begin to accrue. See Tex.Lab.Code Ann. § 401.011(30).
            Until an employee reaches maximum medical improvement, he or she may receive temporary
income benefits. See Tex.Lab.Code Ann. §§ 408.101-.102. These benefits are paid weekly to
compensate for lost wages during the employee’s convalescence. See Garcia, 893 S.W.2d at 513. 
Once an employee reaches maximum medical improvement, temporary income benefits end. See
Tex.Lab.Code Ann. §§ 408.101(a), 408.102(a). Whether the injured employee receives any
additional income benefits depends largely on the assigned impairment rating. See Tex.Lab.Code
Ann. §§ 408.121(a), 408.142.
Modified De Novo Review
            In Rodriguez v. Service Lloyds Ins. Co., 997 S.W.2d 248, 253 (Tex. 1999), the Texas
Supreme Court determined that an appeal challenging the employee’s impairment rating fell under
Section 410.301 because it “directly affects eligibility for and the amount of benefits due.”
Rodriguez, 997 S.W.2d at 253. The court noted:
Any dispute that challenges an impairment rating’s finality necessarily implicates the
date of maximum medical improvement and the amount paid as temporary income
benefits. This dispute may also impact the employee’s eligibility for, and the
calculation of, impairment income benefits and supplemental income benefits.
Disputes about an injured employee’s impairment rating are, therefore, disputes
about benefits. Because the modified de novo standard of review applies to these
types of benefit disputes, that standard also applies to impairment rating disputes,
including disputes that challenge an impairment rating’s finality. 

See id. at 254; see also Garcia, 893 S.W.2d at 528; American Zurich Insurance Co. v. Samudio, 317
S.W.3d 336 (Tex.App.--Houston (1st Dist.) 2010, pet. filed)(cases applying a modified de novo
standard of review). 
            Modified de novo review means: (1) the trial court is informed of the Appeals Panel’s
decision; (2) evidence of the extent of impairment is limited to that presented to the TWCC, unless
the court makes a threshold finding that the claimant’s condition has substantially changed; and (3)
the court is required to adopt the specific impairment rating arrived at by one of the physicians in the
case. Tex.Lab.Code Ann. §§ 410.304, 410.306-.307 (West 2006); Garcia, 893 S.W.2d at 528. The
party appealing the decision on an issue described in Section 410.301(a) has the burden of proof by
a preponderance of the evidence. Tex.Lab.Code Ann. § 410.303. 
ANALYSIS
            In its sole issue, SORM contends the trial court erred in denying its second plea to the
jurisdiction for lack of a justiciable controversy. It complains that Dr. Douglas’s 5 percent
impairment rating is the only valid rating because, “the other attempted ratings violated the rules that
dictate how impairment ratings must be certified” and thus, as a matter of law, the trial court is
bound to accept Dr. Douglas’s 5 percent rating.
            Rodriguez counters that: (1) the court and jury are free to consider the report and testimony
of her treating doctor who noted her final rating to be 23 percent which he corrected from 25 percent
after being informed that he had made a mathematical error; and (2) she properly presented
Dr. Klein’s 23 percent IR on remand because an explanation of his mathematical error and correction
of that error was sufficient, and there is nothing legally requiring a new narrative report or a new
Form 69.
            A plea to the jurisdiction is proper to challenge the lack of a justiciable issue. To present a
justiciable issue, a lawsuit must involve a real controversy that will be resolved by the relief sought. 
Texas workers’ compensation cases fall under the Texas Workers’ Compensation Act (“the Act”)
codified in the Texas Labor Code. Tex.Lab.Code Ann. § 401.001 et seq. Under the Texas Labor
Code, a court or jury must adopt a valid impairment rating that has been presented to the Division. 
See Tex.Lab.Code Ann. § 410.306(c)(“Except as provided by Section 410.307, evidence of extent
of impairment shall be limited to that presented to the division. The court or jury, in its
determination of the extent of impairment, shall adopt one of the impairment ratings under
Subchapter G, Chapter 408.”). 
            It is clear from the record that the correct IR percentage has consistently been the only issue
disputed in this case. In the initial appeal, the relevant IRs submitted were: (1) a 5 percent IR
assigned by Dr. Douglas which the panel invalidated because it was not supported by an adequate
explanation; (2) a 24 percent impairment rating assigned by Dr. Klein which was invalidated because
Dr. Klein based his rating on the wrong edition of the AMA Guides; and (3) a 25 percent impairment
rating assigned by Dr. Klein which the panel invalidated because in using his measurements,
Dr. Klein incorrectly calculated Rodriguez’s IR and noted that proper calculations would have
equated to 23 percent. According to the hearing officer’s order on remand, Dr. Douglas conducted
a re-examination of Rodriguez in August 2008 and provided a thorough and detailed explanation
as to how he once again reached a 5 percent IR. The hearing officer then stated: 
Dr. Klein responded to Dr. Douglas’ report indicating that the impairment rating
should be 23%; however, Dr. Klein failed to submit an amended report or a new
DWC-69 to substantiate his opinion. Considering the additional evidence presented
since the initial hearing, the preponderance of the evidence is not contrary to the
opinion of Dr. Douglas and his 5% impairment rating should be adopted. 

Clearly, a new 5 percent IR from Dr. Douglas as well as evidence supporting a new 23 percent
impairment rating by Dr. Klein were before the hearing officer on remand.
            Essentially SORM’s argument is that, on appeal from remand, Rodriguez did not request the
Appeals Panel to review whether the hearing officer could consider Dr. Klein’s amended 23 percent
IR absent a new Form 69. Therefore, it contends Rodriguez waived the issue and cannot now seek
judicial review. But nothing in the record indicates that Rodriguez ever disputed the 5 percent IR
for any reason other than Dr. Klein’s IR was the proper rating to be adopted. If we accept SORM’s
argument that Rodriguez did not raise the issue of whether the court could accept Dr. Klein’s IR,
then what are we to believe was appealed to the Division’s Appeals Panel? We reject the argument
that evidence of Dr. Douglas’s 5 percent IR was the only rating before the Division post-remand. 
            SORM also asserts that Rodriguez failed to preserve error of the Division’s decision
invalidating Dr. Klein’s 23 percent IR because Rodriguez failed to specifically articulate the issue
in her pleadings to the trial court as required under Section 410.302(b) of the Texas Labor Code. 
See Tex.Lab.Code Ann. § 410.302(b)(“A trial under this subchapter is limited to issues decided by
the appeals panel and on which judicial review is sought. The pleadings must specifically set forth
the determinations of the appeals panel by which the party is aggrieved.”). SORM argues
Rodriguez’s pleadings asked only that the trial court reverse the 5 percent finding by the Division. 
 It must be remembered that this is an appeal from a denial of a plea to the jurisdiction. Unless it is
clear from the pleadings that the court does not have jurisdiction over the controversy, the court
should retain the case. See Perry v. Equipment Service Co. of San Antonio, 779 S.W.2d 802, 804
(Tex. 1989). If the jurisdictional defect is a pleading defect that can be cured by amendment, it
should be challenged by special exceptions. We do not find the pleadings clearly indicate the trial
court does not have jurisdiction. 
            Finally, SORM asserts that Dr. Klein’s 23 percent rating is not valid because it fails to satisfy
the requirements set forth in the Texas Labor Code and therefore only one IR is before the trial court,
eliminating any controversy. Although it may be true that Dr. Klein’s 23 percent IR merely adopted
the Appeals Panel explanation without checking for himself that he had made the error or whether
the initial 25 percent IR submitted on the amended Form 69 was an error in applying the Guidelines
rather than a clerical error as SORM contends, it appears there is a justiciable issue present. 
            Here, the only valid Form 69 submitted by Dr. Klein assigned an impairment rating at 25
percent. On remand, rather than submit a new Form 69, Dr. Klein certified a 23 percent IR through
briefing to the hearing officer. SORM claims that because Dr. Klein failed to submit a narrative
report or Form 69 Report of Evaluation substantiating this new finding, the twenty-three percent IR
does not comply with Texas Labor Code Section 408.123(b) or Texas Administrative Code 130.1(d)
and is legally invalid. But Texas jurisprudence does not always require a doctor to complete an
entirely new Form 69 when amending an assigned IR. See Samudio, 317 S.W.3d at 348-49; Pacific
Employer’s Ins. Co. v. Brown, 86 S.W.3d 353 (Tex.App.--Texarkana 2002, no pet.). The fact finder
lacks authority to comprise its own IR and must accept one of the IRs presented to the Division. The
only recognized exception to that rule is if the court makes a threshold finding that the claimant’s
conditions have substantially changed. However, cases have held that where one of the IRs
presented before the Division contains a clear mathematical error, the fact finder is free to correct
the minor clerical error and choose between the corrected IR and any other IRs presented. See Old
Republic Ins. Co. v. Rodriguez, 966 S.W.2d 208, 210-11 (Tex.App.--El Paso 1998, no pet.); Brown,
86 S.W.3d at 361-62. The required reports were all submitted by Dr. Klein as part of his initially
assigned 25 percent IR. The determination of whether or not Dr. Klein’s mistake was “mathematical”
as it was described by the Division and as Rodriguez contends, or whether the 23 percent IR
constitutes a new IR which would require completely new reports is a justiciable issue which the trial
court has jurisdiction to decide. We overrule SORM’s sole point and affirm the judgment of the trial
court.

August 26, 2011                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.