TEXAS DEPARTMENT OF
TRANSPORTATION,
Petitioner,

v.

Jimmy Don YORK, individually and on behalf of the estate of Rebecca York, deceased and James R. Bodiford, Jr., individually and on behalf of the estate of Rebecca York, Tonya Bodiford, and Shirley Fowler, Respondents.

No. 07–0743.

Supreme Court of Texas.

May 22, 2009.

Greg W. Abbott, Atty. Gen., Kent C. Sullivan, Clarence Andrew Weber, First Assistant Attorney General, David S. Morales, Rafael Edward Cruz, David Bass Strain, James C. Ho, Office of the Attorney General, Adam Warren Aston, Assistant Solicitor General, Austin, TX, for Petitioner.

Ron Butler, Cedar Park, TX, Chad Bassett Matthews, Sanes Matthews & Forester, P.C., League City, TX, for Respondent.

PER CURIAM.

We grant petitioner's motion for rehearing, withdraw our per curiam opinion issued December 5, 2008, and substitute the following in its place.

In this case, we decide whether loose gravel on a road is a "special defect" under Texas Civil Practices and Remedies Code section 101.022(b). We hold that loose gravel is not a special defect as a matter of law, and therefore, reverse the court of appeals' judgment and dismiss the case.

On October 29, 2003, Rebecca York lost control of her vehicle while crossing a patch of loose gravel on Farm–to–Market Road 979 in Robertson County. She crossed the center line and struck an oncoming truck. She died at the scene. The day before the accident, a Texas Department of Transportation (TxDOT) crew applied a spot seal coat on the portion of

highway where the accident occurred. A spot seal application consists of three steps: (1) liquid asphalt is sprayed onto the road surface; (2) a layer of gravel (or aggregate) is spread on top of the asphalt; and (3) the gravel is rolled into the asphalt. The asphalt then hardens and holds the gravel in place to form a new road surface. By the time York reached the serviced portion of the road the next morning, however, the road surface was covered with a layer of loose gravel approximately one-half to three-quarters inches deep. The cause of the presence of the excess loose gravel is disputed.

York's surviving spouse filed a wrongful death suit against TxDOT.[1] TxDOT asserted sovereign immunity against suit and liability, except to the extent waived under the Tort Claims Act. After the presentation of arguments and evidence, the trial court submitted a jury charge with a special defect instruction, rather than a premise defect instruction. The jury returned a verdict in York's favor, awarding damages of $1,033,440. Pursuant to statutory limitations, the verdict was reduced to $250,000. TxDOT moved for judgment notwithstanding the verdict or a new trial, which the trial court denied. TxDOT then appealed the judgment to the court of appeals, arguing that loose gravel is not a special defect, but rather, a premise defect. The court of appeals disagreed, holding that the loose gravel is a special defect and affirming the trial court's judgment. 234 S.W.3d at 218. We reverse.

The State of Texas is protected from suits for damages by sovereign immunity, unless waived by statute. *Gen.*

*Servs. Comm'n v. Little–Tex Insulation Co., Inc.,* 39 S.W.3d 591, 594 (Tex.2001); *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999) (per curiam). Legislative consent to waive sovereign immunity by statute must be by "clear and unambiguous language," TEX. GOV'T CODE § 311.034, and suit can then be brought "only in the manner indicated by that consent." *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 (Tex.2003) (citing *Hosner v. De Young,* 1 Tex. 764, 769 (1847)). "[W]hen construing a statute that purportedly waives sovereign immunity, we generally resolve ambiguities by retaining immunity." *Wichita Falls State Hosp.,* 106 S.W.3d at 697.

The Texas Legislature has waived sovereign immunity for personal injury claims arising from a premise defect. TEX. CIV. PRAC. & REM.CODE § 101.021. Former section 101.022 of the Texas Civil Practices and Remedies Code[2] applied different duties of care to a suit depending on whether the condition was a premise defect or a special defect:

(a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b) The limitation of duty in this section does not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of

---

1. In his original petition, York's surviving spouse also included as defendants Robertson County, the driver of the other vehicle, and the driver's employer, but later nonsuited them.

2. The statute was amended in 2005 to include language dealing specifically with toll roads, which are not at issue in this case. *See* TEX. CIV. PRAC & REM.CODE § 101.022. The language is the same in all other respects. *See id.* Thus, our holding would be the same under the amended statute.

traffic signs, signals, or warning devices as is required by Section 101.060.

Act of May 17, 1985, 69th Leg., R. S., ch. 959, 1985 Tex. Gen. Laws 3242, 3303 (amended 2005) (current version at Tex. Civ. Prac. & Rem.Code § 101.022) (hereinafter § 101.022). If a claim involves a premise defect under section (a), a licensee standard applies. Tex. Civ. Prac. & Rem. Code § 101.022(a); *see also State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex.1992). Under a licensee standard, a plaintiff must prove that the governmental unit had actual knowledge of a condition that created an unreasonable risk of harm, and also that the licensee did not have actual knowledge of that same condition. *Payne*, 838 S.W.2d at 237. But if a claim involves a special defect under section (b), a more lenient invitee standard applies. *Id.* Under an invitee standard, a plaintiff need only prove that the governmental unit should have known of a condition that created an unreasonable risk of harm. *Id.; see also State Dep't of Highways & Pub. Transp. v. Kitchen*, 867 S.W.2d 784, 786 (Tex.1993) (per curiam) ("Absent a finding that the State knew of the dangerous condition prior to the accident, it is not liable to plaintiffs unless the condition was a special defect."). Whether a condition is a premise defect or special defect is a question of law, which we review de novo. *Payne*, 838 S.W.2d at 238.

■ The Civil Practices and Remedies Code does not define "special defect," but does give guidance by likening special defects to "excavations or obstructions." *See* Tex. Civ. Prac. & Rem.Code § 101.022(b). Thus, "[u]nder the ejusdem generis rule, we are to construe 'special defect' to include those defects of the same kind or class as [excavations or obstructions]." *County of Harris v. Eaton*, 573 S.W.2d 177, 179 (Tex.1978). While these specific examples "are not exclusive and do not exhaust the class," the central inquiry is whether the condition is of the same kind or falls within the same class as an excavation or obstruction. *Id.; City of Grapevine v. Roberts*, 946 S.W.2d 841, 843 (Tex. 1997) (per curiam). A special defect, then, cannot be a condition that falls outside of this class. *See Payne*, 838 S.W.2d at 238–39 n. 3 ("[T]o the extent [courts] classify as 'special' a defect that is not like an excavation or obstruction on a roadway, we disapprove of them."); *Eaton*, 573 S.W.2d at 179 ("The statutes provide an understanding of the kinds of dangerous conditions against which the [L]egislature intended to protect the public. They are expressed as such things 'as excavations or roadway obstructions.' "). We have recognized some characteristics of this class that should be considered. *See Eaton*, 573 S.W.2d at 179 ("the size of the dangerous condition"); *see also City of Dallas v. Reed*, 258 S.W.3d 620, 622 (Tex.2008) (per curiam) ("some unusual quality outside the ordinary course of events"); *State v. Rodriguez*, 985 S.W.2d 83, 85 (Tex.1999) (per curiam) (something that "unexpectedly and physically impair[s] a car's ability to travel on the road"); *Payne*, 838 S.W.2d at 238 ("an unexpected and unusual danger to ordinary users of roadways").[3]

■ A layer of loose gravel on a road does not share the characteristics we have articulated in any of the above cases, and, thus, does not fit within the same class as an obstruction or excavation. Loose gravel does not form a hole in the road or physically block the road like an obstruction or excavation. *See Eaton*, 573 S.W.2d

---

**3.** We have recently emphasized that "unexpected and unusual danger" and other characteristics noted in our special-defect cases are used "to describe the class, not to redefine it." *Denton County v. Beynon*, 283 S.W.3d 329, 331-32 n. 11 (Tex.2009).

at 178–80 (holding that a large hole six to ten inches deep and four to nine feet wide covering ninety percent of the road's width was a special defect, and suggesting an avalanche clogging a mountain road would likewise be a special defect); *see also State v. Williams*, 940 S.W.2d 583, 585 (Tex. 1996) (deferring to the court of appeals' finding that a street sign lying in middle of a highway was a special defect). Likewise, less than an inch of loose gravel does not "physically impair a car's ability to travel on the road" in the manner that an excavated road or obstruction blocking the road does, *Rodriguez*, 985 S.W.2d at 85, nor does it present the same type of "unexpected and unusual danger to ordinary users of roadways" as does this class. *Payne*, 838 S.W.2d at 238. And while loose gravel could fall within this class if, for example, a sizeable mound of gravel were left on the roadway, a layer of loose gravel falls in the same class as ordinary premise defects-those conditions that do not reach the level of an obstruction or excavation. *See, e.g., Reed*, 258 S.W.3d at 622 (holding that a two-inch difference in elevation between traffic lanes on a roadway was not a special defect); *Rodriguez*, 985 S.W.2d at 86 (holding that a ninety-degree turn in a detour from a road construction project was not a special defect); *Kitchen*, 867 S.W.2d at 786 (holding that an icy bridge was not a special defect); *Payne*, 838 S.W.2d at 239 (holding that a culvert beneath a roadway was not a special defect).

York also cannot recover under an ordinary premises defect claim. York prepared, and the trial court submitted, a jury charge with an invitee standard of care—one associated with a special defect. TxDOT objected to this charge and requested that an ordinary premises defect charge be given instead. *See* Tex.R. Civ. P. 274. As a result, York failed to obtain

jury findings on two necessary elements of an ordinary premises defect claim: that TxDOT had actual knowledge of the loose gravel and that York lacked actual knowledge of the loose gravel. *Payne*, 838 S.W.2d at 241. Because TxDOT objected to the lack of these elements in the jury charge, and because York failed to obtain a finding on these issues, York cannot recover under an ordinary premises defect claim. *Id.* (citing Tex.R. Civ. P. 279) (holding that knowledge element could not be deemed in favor of plaintiff where defendant objected to the omission of that element from the jury charge). Therefore, the verdict does not support a judgment in York's favor. *Id.* We reverse the court of appeals' judgment and dismiss the case.