**TEXAS DEPARTMENT OF TRANSPORTATION, Petitioner,**

v.

**Stephanie GUTIERREZ and Ronnie Gutierrez, Respondents.**

No. 07–1013.

Supreme Court of Texas.

May 22, 2009.

Greg W. Abbott, Atty. Gen., Kent C. Sullivan, First Asst. Atty. Gen., David S. Morales, Rafael Edward Cruz, and C. Michael Ratliff, Office of Atty Gen., Adam Warren Aston, Asst. Solicitor Gen., James C. Ho, Office of Atty. Gen., and Clarence Andrew Weber, First Asst. Atty. Gen., Austin, TX, for Petitioner.

Michael Brett Anthony, Anthony Peterson & Purnell LLP, Thomas F. Nye and Robert William Clore, Vidaurri, Lyde, Gault & Quintana, L.L.P., Corpus Christi, TX, for Respondents.

PER CURIAM.

This appeal poses the same question we answer in another case decided today, *Texas Department of Transportation v. York*, 284 S.W.3d 844 (Tex.2009): whether loose gravel on a road is a "special defect" under Texas Civil Practice and Remedies Code section 101.022(b). Because the court of appeals' decision is incompatible with *York's* holding that loose gravel is not a special defect as a matter of law, we reverse and dismiss the case for lack of subject-matter jurisdiction.

The morning of December 5, 2003, Stephanie Gutierrez (Gutierrez) was commuting to work on FM 624 in Jim Wells County. The previous night, the Texas Department of Transportation (TxDOT) had repaired portions of FM 624, but some excess gravel remained until the afternoon of December 5th.

Gutierrez passed a "Curve Ahead" sign with a speed advisory of 45 miles per hour. TxDOT had also placed a "Loose Gravel" sign at the site. Gutierrez lost control on the gravel and pulled off the road to inspect her car for damage. A short time later, while standing near her vehicle, Gutierrez was struck by another driver that lost control on the same curve.

Gutierrez and her husband Ronnie Gutierrez sued TxDOT, asserting the loose gravel constituted a special defect. At trial, Gutierrez did not contest the presence of the "Curve Ahead" sign and the speed advisory. She initially disputed TxDOT's claim of a "Loose Gravel" sign posted at the scene, but just before closing arguments she stipulated to it. Given this stipulation, and after the jury returned a verdict for Gutierrez, TxDOT filed a post-trial plea to the jurisdiction asserting sovereign immunity, which was denied.

TxDOT filed an interlocutory appeal,[1] but a divided court of appeals held (1) the loose gravel constituted a special defect, and (2) the jury found TxDOT failed to adequately warn of it. 243 S.W.3d 127, 130.

In general, the State of Texas retains sovereign immunity from suit, *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex.2004), and can only be sued if the Legislature waives immunity in "clear and unambiguous language," TEX. GOV'T CODE § 311.034. One such waiver is the Tort Claims Act, which permits premise-liability suits and establishes that the State owes a claimant the same duty a private person owes a licensee. TEX. CIV. PRAC. & REM.CODE § 101.022(a). However, if the claim arises from a special defect, then the State's duty is judged under an invitee standard. *Id.* § 101.022(b).

■ The Tort Claims Act does not define "special defect" but likens it to "excavations or obstructions." *Id.* Thus, in *York* we stress that "the central inquiry is whether the condition is of the same kind or falls within the same class as an excavation or obstruction." 284 S.W.3d at 847. As we hold today in *York*, loose gravel, unlike other conditions we have said are special defects, "does not form a hole in the road or physically block the road like an obstruction or excavation," *id.* at 847, nor does it "physically impair a car's ability to travel on the road in the manner that an excavated road or obstruction blocking the road does," *id.* at 847 (internal quotation and citation omitted). It thus falls

outside the special-defect class as a matter of law. Instead it "falls in the same class as ordinary premise defects—those conditions that do not reach the level of an obstruction or excavation." *Id.* This case presents the same condition (loose gravel) due to the same re-paving procedure (a spot seal), and we reach the same result: loose gravel is a premise defect, not a special defect.[2]

■ Gutierrez also cannot recover under an ordinary premise-defect claim. The trial court submitted to the jury only a special-defect charge, with an invitee standard of care, that Gutierrez had prepared. The court overruled TxDOT's objection that a premise-defect charge with a licensee standard was the proper charge under the evidence, and refused TxDOT's proffered premise-defect charge that correctly set forth the elements of liability under that theory. To establish TxDOT's liability for an ordinary premise defect, Gutierrez was required to obtain findings that TxDOT had actual knowledge of the dangerous condition and that she did not. *State Dep't of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 237 (Tex.1992). Because TxDOT objected to the omission of these elements in the jury charge (elements on which Gutierrez had the burden of proof), we cannot deem findings on the elements in her favor. *Id.* at 241; *see also* Tex.R. Civ. P. 279. The verdict thus does not support a judgment in Gutierrez's favor. *Payne,* 838 S.W.2d at 241.

Gutierrez's suit falls outside the Tort Claims Act's limited immunity waiver for

---

1. The appeal was interlocutory because the trial court granted a motion for new trial in favor of Ronnie Gutierrez on his bystander claim, and made clear in its new trial order that the remaining portion of the judgment in favor of Stephanie Gutierrez was interlocutory until the final adjudication of Ronnie's claim.

2. We clarify in *York* that "a sizeable mound of gravel"—such that it amounts to an obstruction—*can* be a special defect. 284 S.W.3d at 848. However, nothing in the record suggests the gravel on FM 624 was "a sizeable mound" of the same character as an obstruction.

premise-liability claims. Accordingly, we grant the petition for review and without hearing oral argument, TEX.R.APP. P. 59.1, reverse the court of appeals' judgment and dismiss the case.