ACCEPTED
06-15-00090-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/4/2015 8:57:19 AM
DEBBIE AUTREY
CLERK

**NO. 06-15-00090-CV**

IN THE SIXTH COURT OF APPEALS
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/4/2015 8:57:19 AM
DEBBIE AUTREY
Clerk

**TEXAS DEPARTMENT OF TRANSPORTATION**
**Appellant,**

**V.**

**HALEY BROWN**
**Appellee.**

On Appeal from the 62nd Judicial District Court, Lamar County, Texas,
Cause No. 82395, The Honorable Will Biard, Presiding

**BRIEF OF APPELLANT TEXAS DEPARTMENT OF TRANSPORTATION**

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

CHARLES E. ROY
FIRST ASSISTANT ATTORNEY
GENERAL

JAMES E. DAVIS
DEPUTY ATTORNEY GENERAL
FOR CIVIL LITIGATION

RANDALL K. HILL
ASSISTANT ATTORNEY GENERAL
CHIEF, TRANSPORTATION
DIVISION

GARLAND WILLIAMS
State Bar No. 24079580
Assistant Attorney General
P. O. Box 12548
Austin, Texas 78711-2548
Telephone:(512) 463-2004
Facsimile: (512) 472-3855
Garland.Williams@texasattorneygeneral.gov

ATTORNEYS FOR APPELLANT
THE TEXAS DEPARTMENT OF TRANSPORTATION

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

**Parties to the Trial Court's Order**

| | |
|---|---|
| Texas Department of Transportation ("TxDOT") | Defendant/Appellant |
| Haley Brown | Plaintiff/Appellee |

**Counsel**

| | |
|---|---|
| Garland Williams<br>Assistant Attorney General<br>Transportation Division<br>P. O. Box 12548<br>Austin, Texas 78711-2548 | Trial and Appellate Counsel for the Texas Department of Transportation |
| Dale Henley<br>Mayo Mendolia & Vice LLP<br>5368 State Highway 276<br>Royse City, Texas 75189-5738 | Trial and Appellate Counsel for Haley Brown |

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

I. Whether Plaintiff's suit should be dismissed for lack of notice of claim and lack of actual notice under the Texas Tort Claims Act.

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I. Plaintiff's suit should be dismissed for lack of notice of claim and lack of actual notice under the Texas Tort Claim's Act. . . . . . . . . . . 6

    A. Standard of review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    B. Sovereign immunity bars Plaintiff's suit unless Plaintiff proves a waiver under the Texas Tort Claims Act . . . . . . . . . . 8

    C. Lack of notice of claim under the Texas Tort Claims Act prevents a waiver of sovereign immunity. . . . . . . . . . . . . . . . 9

    D. There is no evidence TxDOT received formal notice of Plaintiff's claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    E. There is no evidence that TxDOT had actual notice of Plaintiff's claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    1.       The Attorney General Letter Opinion is no
evidence of actual notice . . . . . . . . . . . . . . . . . . . . . . . 13

    2.       The RK Hall Incident Report is no evidence
of actual notice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    3.       The testimony Michael Cody Reeves is no
evidence of actual notice . . . . . . . . . . . . . . . . . . . . . . . 15

    4.       The Police Accident Report is no evidence of
actual notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

APPENDIX

Order Denying Texas Department of Transportation's Motion to Dismiss for Lack of
Jurisdiction and No Evidence Motion for Summary Judgment . . . . . . . . . . . Tab A

# INDEX OF AUTHORITIES

**Cases** **Page**

*Cathey v. Booth*,
900 S.W.2d 339 (Tex. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

*City of Dallas v. Carajal*,
324 S.W.3d 537 (Tex. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Davis v. Mathis*,
846 S.W.2d 84 (Tex. App.—Dallas 1992, no writ) . . . . . . . . . . . . . . . . . . 10

*Gonzalez v. El Paso Hosp. Dist.*,
940 S.W.2d 793 (Tex. App.—El Paso 1997, no pet.) . . . . . . . . . . . . . . . . 10

*Merrell Dow Pharms., Inc. v. Havner,*
953 S.W.2d 706 (Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Tex. Dep't of Crim. Justice v. Simons*,
140 S.W.3d 338 (Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Tex. Dep't of Transp. v. York*,
284 S.W.3d 844 (Tex. 2009) (per curiam) . . . . . . . . . . . . . . . . . . . . . . . . 8

*Tex. Parks & Wildlife v. Miranda,*
133 S.W.3d 217 (Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 9

*Univ. of Tex. Sw. Med. Ctr. v. Arancibia,*
324 S.W.3d 544 (Tex. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser*,
140 S.W.3d 351 (Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Constitutional Provisions, Statutes, and Rules**

TEX. CIV. PRAC. & REM. CODE §101.025 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TEX. CIV. PRAC. & REM. CODE §101.101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

TEX. GOV'T CODE §311.034 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

Tex. R. Civ. P. 93(12) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATEMENT OF THE CASE**

*Nature of the Case:*      This is a personal injury/premises liability case brought by Plaintiff Haley Brown for injuries sustained when she collided with construction equipment parked on the shoulder of a State Highway.

*Trial Court:*      The Honorable Will Biard, Presiding Judge, 62nd Judicial District Court, Lamar County, Texas.

*Trial Court Disposition:*      The trial court entered an Order denying Defendant Texas Department of Transportation's Motion to Dismiss for Lack of Jurisdiction and No Evidence Motion for Summary Judgment. CR 1045 (App. A).

## ISSUES PRESENTED

I.    Whether Plaintiff's suit should be dismissed for lack of notice of claim and lack of actual notice under the Texas Tort Claims Act.

IN THE SIXTH COURT OF APPEALS
AT TEXARKANA, TEXAS

**TEXAS DEPARTMENT OF TRANSPORTATION**
**Appellant,**

**V.**

**HALEY BROWN**
**Appellee.**

On Appeal from the 62nd Judicial District Court, Lamar County, Texas,
Cause No. 82395, The Honorable Will Biard, Presiding

## BRIEF OF APPELLANT TEXAS DEPARTMENT OF TRANSPORTATION

TO THE HONORABLE COURT OF APPEALS:

The Texas Department of Transportation ("TxDOT") submits this Brief requesting that the order denying TxDOT's motion to dismiss for lack of jurisdiction and no evidence motion for summary judgment be vacated and that this case be dismissed with prejudice.

## STATEMENT OF FACTS

Plaintiff injured herself while driving a vehicle under the influence of alcohol. CR 956–57. In the early morning hours of March 17, 2012, Plaintiff drove into a roadway construction zone and collided with parked construction equipment. CR 6, 29,

956–57. The equipment was located off of the roadway's main travel lanes on the shoulder. CR 6, 17, 29. While on her way home, Plaintiff approached the intersection of Highway 82 and FM 2121, in Lamar County, Texas. CR 6, 17, 28. As she made a left off of FM 2121 onto Highway 82, Plaintiff crossed the striped travel lanes and turned into the construction zone. CR 6, 17, 28. In doing so, Plaintiff disregarded warning devices on the roadway. CR 956–57. She continued driving through the area along the shoulder until she collided with a piece of construction equipment, often referred to as a "shuttle buggy." CR 6, 17, 28, 906. As a result, Plaintiff sustained injuries. CR 6, 17, 28. The construction zone was delineated with reflective barrel markers that separated it from the travel lanes. CR 957.

On April 13, 2013, Plaintiff filed suit against TxDOT's general contractor, RK Hall Construction, Ltd. ("RK Hall"). CR 5. On July 5, 2013, Plaintiff amended her pleadings to include RK Hall's sub-contractor, Lyon Barricade & Construction, LLC ("Lyon"). CR 16. On November 18, 2013, Plaintiff amended her petition again to include TxDOT as a Defendant. CR 27. Plaintiff named TxDOT over a year and a half after her accident. At no time has Plaintiff ever pleaded that TxDOT received notice of claim for Plaintiff's accident. At no time has Plaintiff ever represented she sent notice of claim to TxDOT.

On December 16, 2013, TxDOT answered Plaintiff's lawsuit. CR 36. In TxDOT's Original Answer, it alleged multiple affirmative defenses and denials

2

including sovereign immunity, both as a bar to liability and as a bar to suit, along with various defenses under the Texas Tort Claims Act ("TTCA" or "Act"). CR 36–37. Among those listed provisions, TxDOT specifically pleaded lack of notice of claim. CR 37.

On July 9, 2014, and pursuant to Tex. R. Civ. P. 93(12), TxDOT amended its Answer and set out a verified denial asserting lack of notice of claim. CR 43–50. In its amended pleading TxDOT included an additional paragraph that specifically discussed the notice of claim requirement and included an affidavit from Laura Joy, TxDOT's Director of the Workers Compensation, Tort, and Liability Section of TxDOT. CR 45, 50. That Section is the Division of TxDOT that receives notices of claims for potential Texas Tort Claims Act suits against TxDOT. CR 50. Joy stated in the verification that "After reviewing the records of [her Section], [she has] discovered and determined that no written notice of claim has ever been received by [her Section] for the subject accident." CR 50.

On January 23, 2015, Plaintiff filed her Third Amended Petition. CR 52. Over a year after TxDOT answered Plaintiff's lawsuit, Plaintiff still failed to plead that she sent a written notice of claim to TxDOT.

On August 25, 2015, TxDOT filed a Motion to Dismiss for Lack of Jurisdiction and No Evidence Motion for Summary Judgment. CR 889–96. TxDOT attached the affidavit of Laura Joy as evidence to support its motion to dismiss for lack of

jurisdiction. CR 896.

On September 8, 2015, Plaintiff filed her response and attached several documents as summary judgment evidence. CR 899–996. Among those, Plaintiff attached a letter opinion from the Office of the Attorney General that purportedly shows TxDOT received a notice of claim about Plaintiff's accident. CR 933, 943. TxDOT replied, on September 15, 2015, and attached its own evidence in support of its Motion to Dismiss for Lack of Jurisdiction and to controvert Plaintiff's summary judgment evidence. CR 1004–39. That evidence shows that the notice of claim discussed in the letter opinion relates to a different accident that occurred on a different day, in a different location, involved another driver, and another motor vehicle. CR 1015–16.

On September 17, 2015, a hearing was held on TxDOT's motion. Prior to the hearing, the trial court granted summary judgment motions in favor of RK Hall and Lyon. CR 1002–03. On the same day, the Court signed an order severing RK Hall and Lyon into a separate numbered cause.[1] CR 1044. As a result, TxDOT is the only remaining defendant in this cause. On September 23, 2015, the trial court signed an order denying TxDOT's Motion to Dismiss for Lack of Jurisdiction and No Evidence Motion for Summary Judgement. CR 1045. (App. A). TxDOT appeals from the entry

---

[1] The severed cause is *Haley Brown v. Defendants RK Hall Construction, Ltd. and Stacy Lyon d/b/a Lyon Barricade*; Cause No. 84841, in the 62nd Judicial District Court of Lamar County, Texas. CR 1044.

4

of the order denying its Motion to Dismiss for Lack of Jurisdiction and No Evidence Motion for Summary Judgment.

## SUMMARY OF THE ARGUMENT

In order to prevail against TxDOT, an agency of the State of Texas, Plaintiff must plead and prove a waiver of sovereign immunity under the TTCA. As a jurisdictional prerequisite to suit under the TTCA, TxDOT is entitled to receive notice of claim within six months of the incident giving rise to Plaintiff's claim. Absent written notice from the Plaintiff, the trial court has no jurisdiction unless TxDOT had actual notice of Plaintiff's claim.

There is no evidence in the record that TxDOT received formal written notice of claim from Plaintiff within the statutory six month period because there is no evidence Plaintiff sent notice to TxDOT in writing.

There is also no evidence that TxDOT had actual notice. Notice under the TTCA requires a governmental unit to have a subjective awareness of fault in contributing to Plaintiff's injury. The elements of actual notice must also be received by an agent of TxDOT who is charged with a duty to investigate liability claims and accidents. There is no evidence that TxDOT had any subjective awareness of fault in contributing to Plaintiff's accident. And, there is no evidence that any employee charged with a duty to investigate claims had any awareness of TxDOT's fault. For these reasons, the court lacks jurisdiction over TxDOT in this matter, and Plaintiff's

5

suit should be dismissed with prejudice.

## ARGUMENT

**I.     Plaintiff's suit should be dismissed for lack of notice of claim and lack of actual notice under the Texas Tort Claim's Act.**

This appeal raises one question. That is, should this case be dismissed for lack of jurisdiction where there is no evidence that TxDOT received formal notice of Plaintiff's claim and there is no evidence that TxDOT had actual notice within six months of Plaintiff's accident. This case should be dismissed with prejudice because Plaintiff has not met her burden to plead and prove a waiver of sovereign immunity under the TTCA.

### A.     Standard of review.

This appeal concerns the trial court's subject matter jurisdiction and whether Plaintiff has presented sufficient evidence to raise a fact issue as to whether TxDOT received notice of claim within six months of Plaintiff's accident. Whether a trial court has subject matter jurisdiction and whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. *Tex. Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004). Whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law reviewed de novo. *Id.* But, where disputed evidence of jurisdictional facts also implicates the merits of the case resolution by the

fact finder may be required. *Id*.

When a plea to the jurisdiction challenges the pleadings, the appellate courts determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id*. However, if a motion to dismiss for lack of jurisdiction challenges the existence of jurisdictional facts, the appellate courts consider "relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised." *Id*. at 227.

"When the consideration of the trial court's subject matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await fuller development of the case." *Id*. "[I]n a case in which the jurisdictional challenge implicates the merits of plaintiffs' cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists." *Id*. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id*. at 227–28. But, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules as a matter of law. *Id*. at 228.

The evidence fails to raise a fact question and is "no evidence" if there is (1) a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or

of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997).

**B.     Sovereign immunity bars Plaintiff's suit unless Plaintiff proves a waiver under the Texas Tort Claims Act.**

The TTCA provides a limited waiver of immunity from suit "to the extent of liability created by [the Act]." TEX. CIV. PRAC. & REM. CODE §101.025(a).  Any claim of waiver is subject to the requirement that legislative consent to waive sovereign immunity must be by "clear and unambiguous language." *Tex. Dep't of Transp. v. York*, 284 S.W.3d 844, 846 (Tex. 2009) (per curiam). That is, when construing a statute that purportedly waives sovereign immunity, a court must generally resolve any ambiguity by retaining immunity. *Id*. This is based on the clear legislative directive contained in section 311.034 of the Government Code, which states:

> In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.

TEX. GOV'T CODE §311.034.

When a governmental entity challenges the plaintiff's jurisdictional allegations, the plaintiff must adduce some evidence to support jurisdiction. *See Miranda*, 133

8

S.W.3d at 227. The court then considers the relevant evidence submitted by the parties. *Id*.

If the evidence creates a fact question regarding the jurisdictional issue, the plea to the jurisdiction cannot be granted, and the fact issue must be resolved by the fact finder. *Id*. at 227–28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the plea to the jurisdiction will be ruled on as a matter of law. *Id*. at 228.

**C.** **Lack of notice of claim under the Texas Tort Claims Act prevents a waiver of sovereign immunity.**

This appeal concerns the notice provision of the TTCA. TEX. CIV. PRAC & REM. CODE §101.101. That provision provides that the governmental entity must have notice of the act or omission which forms the basis of a claim against the entity within six months from the date of such occurrence. TEX. CIV. PRAC. & REM. CODE §101.101(a). The notice must reasonably describe the injury claimed, the time and place of the incident, and the incident. *Id*. However, the requirements of formal written notice do not apply if the governmental unit has actual notice of the claim. *Cathey v. Booth*, 900 S.W.2d 339, 340 (Tex. 1995).

Actual notice requires that governmental unit have knowledge that amounts to the same notice to which it is entitled by §101.101(a). *Tex. Dep't of Crim. Justice v. Simons*, 140 S.W.3d 338, 347 (Tex. 2004). That includes a subjective awareness of

fault as ultimately alleged by the claimant, in producing or contributing to the claimed injury. *Id.*

Further, for actual notice to be imputed on a governmental unit, that notice must be received by an agent or representative of the entity who is charged with the duty to investigate claims and report to the governmental unit. *See Davis v. Mathis*, 846 S.W.2d 84, 87 (Tex. App.—Dallas 1992, no writ) (finding that where there is no evidence that an agent with a duty to gather facts and report to governmental unit investigated the accident, actual knowledge is not imputed to governmental unit). *See also Gonzalez v. El Paso Hosp. Dist.*, 940 S.W.2d 793 (Tex. App.—El Paso 1997, no pet.).

In 2004, the Texas Supreme Court ruled that the TTCA notice requirement was mandatory, but not jurisdictional, meaning that there was no interlocutory appellate jurisdiction over an order that denied a governmental unit's jurisdictional plea based on a claimants failure to provide notice. *See Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser,* 140 S.W.3d 351, 365–66 (Tex. 2004). The Legislature later amended the Government Code to provide that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T. CODE §311.034.

Thus, if Plaintiff failed to provide notice of claim within six months of the accident and TxDOT did not have actual notice of Plaintiff's claim, the trial court is deprived of jurisdiction.

**D.      There is no evidence that TxDOT received formal notice of Plaintiff's claim.**

"The [TTCA] requires *a claimant* to provide a governmental unit with formal *written* notice of a claim against it within six months of the incident giving rise to the claim." *Cathey*, 900 S.W.2d at 340 (emphasis added). Therefore, such notice must be provided by *a claimant* and *in writing*. Plaintiff has never stated, and cannot dispute that neither she, nor anyone else on her behalf, has ever sent TxDOT a written notice of her claim.

TxDOT also presented the affidavit of Laura Joy as evidence in support of its Motion to Dismiss for Lack of Jurisdiction. CR 896. In that affidavit Joy states that "[she is] the Director of the Worker's Compensation, Tort, and Liability Section of [TxDOT], which is the Section that receives notices of claims for potential Texas Tort Claim Act suits against TxDOT." CR 896. "After reviewing the records of [her] Section, [she has] discovered and determined that no written notice of claim has ever been received by [her] Section for the subject accident." CR 896. Plaintiff has neither asserted nor offered evidence to dispute Joy's affidavit. Accordingly, there is no evidence TxDOT received written notice of claim from the Plaintiff in this case.

11

**E. There is no evidence that TxDOT had actual notice of Plaintiff's claim**.

Plaintiff submitted the following as summary judgment evidence: (1) a Letter Opinion from the Office of the Attorney General to Ms. Sharon Alexander, Associate General Counsel, TxDOT, dated August 5, 2013 ("Letter Opinion"); (2) an Incident Detail Report prepared by Chad Stone for RK Hall dated March 17, 2012 and related email correspondence between agents of RK Hall; (3) testimony of Michael Cody Reeves, TxDOT's Construction Inspector; and (4) a copy of the police accident report describing Plaintiff's accident. CR 943–7, CR 956–7, CR 959–96, CR 949–57. None of the documents/testimony listed above, whether considered separately or together, constitute any evidence that TxDOT had actual notice.

The burden to establish actual notice is hard to meet. *Arancibia* illustrates an example of the type of fact scenario necessary for actual notice to be imputed to a governmental unit. *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Arancibia*, 324 S.W.3d 544 (Tex. 2010). However, as discussed below, the facts of that case are far more indicative of a subjective awareness of fault than the facts are here.

In *Arancibia*, an attending doctor observed a laparoscopic hernia surgery performed by two resident physicians. *Id*. at 545. The day following the patient's death, the attending physician emailed his supervisor, beginning, "I wanted to give you a heads up on a terrible outcome with a Surgery A patient." *Id*. at 549. Upon reviewing the patient's case, the supervisor concluded that a technical error occurred during the

12

surgery resulting in a through-and-through small bowel injury, and that "clinical management contributed to the patient's death." *Id.* Based on the supervisor's knowledge that clinical management contributed to the patient's death, the court found that the actual notice was imputed to the governmental unit. *Id.* at 550.

Unlike *Arancibia,* there is no evidence that any employee of TxDOT was aware that TxDOT contributed to Plaintiff's accident. There is no evidence that a TxDOT employee charged with the duty to report and investigate claim had, within six months, been made aware of TxDOT's alleged fault in contributing to or causing Plaintiff's accident. There is no evidence that any such employee even knew about the accident. And, there is no evidence that any TxDOT employee actually investigated Plaintiff's accident. Therefore, TxDOT did not receive actual notice as a matter of law and Plaintiff's claim should be dismissed.

**1.     The Attorney General Letter Opinion is no evidence of actual notice.**

In an attempt to put forth some evidence that TxDOT received notice of Plaintiff's claim, Plaintiff filed, as summary judgment evidence, the Letter Opinion. CR 943–47. TxDOT requested the issuance of that opinion in response to a Public Information Act Request made by RK Hall. CR 943–47. That opinion is no evidence that TxDOT received either formal or actual notice of Plaintiff's claim. It states that TxDOT received a notice of claim related to "a motor vehicle accident," but provides no evidence of (1) the damage or injury claimed or by whom, (2) the time and place

of the incident, or (3) that the incident even refers to Plaintiff's accident. CR 946. The Letter Opinion, therefore, is no evidence that TxDOT had a subjective awareness of its fault in contributing to *Plaintiff's* claim.

In addition, the evidence in the record shows the opposite—that the notice of claim referenced in the Letter Opinion is unrelated to the incident from which Plaintiff's claim arises. CR 1014–39. The incident giving rise to the claim referenced in the Letter Opinion occurred on December 30, 2011, approximately three months before Plaintiff's incident. CR. 1015. That incident involves a person other than Plaintiff. CR 1015–16. That incident does not involve bodily injury, but instead involves damage to property. CR 1016. That incident involves a different vehicle. CR 1015. That incident occurred in a different location. CR 1015.

## 2. The RK Hall Incident Report is no evidence of actual notice.

Plaintiff attached and incident report prepared for RK Hall as summary judgment evidence to show that TxDOT had actual notice of Plaintiff's claim. CR 949–50, 954. That report was authored by Chad Stone, an agent of RK Hall. *Id.* Stone is not an agent or employee of TxDOT. According to Plaintiff, "[TxDOT's Contract Inspector, Michael Cody Reeves], was told about the allegations by Plaintiff's father regarding the insufficiency of the traffic control and the marking and location of the shuttle buggy." CR 906. This is not correct.

Stone's report describes hearsay statements made by the Plaintiff's father to

Cody Gose, an employee of RK Hall. CR 949, 954. Gose is not an employee of TxDOT. It appears from the report that neither Reeves nor Stone were present at the time the statements were made. CR 949, 954.

It also appears that Stone spoke to Reeves about the accident at a later time. CR 949, 954. While Stone's report describes the Plaintiff's father making those accusations, and describes the latter discussion with Reeves, nothing in that report suggests that Reeves was ever made aware of the father's allegations. CR 948–50, 954. In order to conclude that Reeves knew of TxDOT's alleged fault, one must make a conclusory leap and assume that Reeves learned of Plaintiff's father's accusations. Plaintiff has no evidentiary support for her assumption that Reeves learned of any allegations of fault.

As explained below, Reeves is also not a person charged with the duty to investigate claims for TxDOT. As such, any knowledge of fault on his part cannot impute actual notice to TxDOT. Therefore, there is no evidence that TxDOT had a subjective awareness of fault in contributing to Plaintiff's injury.

**3.    The testimony of Michael Cody Reeves is no evidence of actual notice.**

Plaintiff filed excerpts from the oral deposition of Michael Cody Reeves as summary judgement evidence. CR 959–96. While Reeves' testimony establishes that he knew about the accident and knew the identity of the Plaintiff, it fails to establish that he knew about TxDOT's alleged faults. And, even if he did, there is no evidence

that Reeves is an employee of TxDOT whose duty it is to investigate liability claims. In fact, the evidence conclusively establishes that Reeves is not a person charged with that duty. Accordingly, any awareness of fault on his part cannot impute actual notice to TxDOT.

Nowhere in Reeves' deposition does he make any mention that he ever believed TxDOT was at fault in causing Plaintiff's accident. In fact, Reeves testified that he did not do anything differently on the Monday following the accident that he would normally do. CR 980. When Reeves drove the project that Monday, he couldn't recall that anything needed to be corrected. CR 981. Reeves further did not participate in any investigation of the accident. CR 984.

"It is not enough that a governmental unit should have investigated an incident as a prudent person would have, or that it did investigate . . . or that it should have known from the investigation it conducted that it might have been at fault." *Simons*, 140 S.W.3d at 347–48.

Plaintiff points out that Reeves testified he heard about the accident, and that other employees of TxDOT knew about it as well. CR 988–89. However, this is not enough. Instead TxDOT must actually be aware of its own fault in contributing to or causing Plaintiff's accident. *Id.* Reeves' testimony, even when read in conjunction with the RK Hall report, fails to establish that Reeves, or any other TxDOT employee, was made aware of TxDOT's alleged fault within six months of Plaintiff's accident. And,

even if he were, there is no evidence that Reeves is a person charged with the duty to investigate potential claims and report to TxDOT.

On the contrary, Reeves' testimony establishes that he is not a person charged with such a duty. Reeves did not participate in any investigation of the accident. CR 984. When asked whether TxDOT did an investigation into this accident, Reeves replied that he didn't know whether TxDOT would even do that. CR 984. When asked about his duties as a TxDOT inspector, Reeves discussed what his responsibilities are—he is responsible for checking the location of the traffic control barricades to make sure everything is correct. CR 966–67. Nowhere does Reeves testify or otherwise indicate that he is responsible for investigating potential claims for TxDOT.

### 4. The Police Accident Report is no evidence of actual notice.

Plaintiff provided the police accident report as summary judgment evidence. The police accident report is no evidence that TxDOT had actual notice because nothing in the report suggests that TxDOT might be at fault in contributing to Plaintiff's injuries.

"When a police report does not indicate that the governmental unit was at fault, the governmental unit has little if any incentive to investigate its potential liability because it is unaware that liability is even at issue." *City of Dallas v. Carajal*, 324 S.W.3d 537, 539 (Tex. 2010). The police accident report contains the following narrative:

17

> Unit 1 was traveling WB on US 82 in Lamar Co., Texas. Unit 2 was piece of road construction machinery parked in the barricaded area on US 82. Unit 1 then drove into the barricaded area on US 82. Unit 1 then drove into the barricaded area and Disregarded Warning Sign at Construction [sic]. Unit 1 then struck (FD) Unit 2. The driver of Unit 1 was under the influence of alcohol at the time of the crash.

CR 956–57. Not only is there a complete absence of any statement of fault on the part of TxDOT, but the narrative attributes fault to the Plaintiff. First, Plaintiff disregarded the warning signs. Second, Plaintiff was under the influence of alcohol at the time of the accident. Based on this narrative and the contributing factors, TxDOT would have no incentive to investigate its liability in this case. The police accident report, therefore, is no evidence that TxDOT had actual notice of Plaintiff's claim.

Plaintiff has failed to put forth any evidence that TxDOT had a subjective awareness of its fault in contributing to Plaintiff's injury. Accordingly, Plaintiff's case should be dismissed because actual notice cannot be imputed to TxDOT.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant, Texas Department of Transportation, prays for reversal of the denial of Defendant Texas Department of Transportation's Motion to Dismiss for Lack of Jurisdiction and No-evidence Motion for Summary Judgment and dismissal of this matter with prejudice, and all other relief to which it may be entitled, including costs of court, both below and on appeal.

18

Respectfully submitted,

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

CHARLES E. ROY
FIRST ASSISTANT ATTORNEY GENERAL

JAMES E. DAVIS
DIRECTOR OF CIVIL LITIGATION

RANDALL K. HILL
ASSISTANT ATTORNEY GENERAL
CHIEF, TRANSPORTATION DIVISION


/s/ Garland Williams
GARLAND WILLIAMS
State Bar No. 24079580
Assistant Attorney General
P. O. Box 12548
Austin, Texas  78711-2548
512/ 463-2004; FAX 512/ 472-3855
garland.williams@texasattorneygeneral.gov
ATTORNEYS FOR APPELLANT
TEXAS DEPARTMENT OF
TRANSPORTATION

## CERTIFICATE OF SERVICE

This is to certify that on the 4th day of December, 2015, a true and correct copy of the foregoing ***Brief of Appellant the Texas Department of Transportation*** has been sent to the following:

**Via Facsimile and Email**.
Dale H. Henley
Mayo Mendolia & Vice, L.L.P.,
5368 State Highway 276
Royse City, Texas 75189-5738

/s/ Garland Williams
GARLAND WILLIAMS
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

This is to certify that this Brief contains 4,231 words, and is in compliance with the Texas Rule of Appellate Procedure 9.4(2)(B).

/s/ Garland Williams
GARLAND WILLIAMS
Assistant Attorney General

# APPENDIX A

Jennifer Frazier

## CAUSE NO: 82395

| | | |
|---|---|---|
| HALEY BROWN | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | OF LAMAR COUNTY, TEXAS |
| | § | |
| RK HALL CONSTRUCTION, LTD., | § | |
| STACY LYON d/b/a LYON | § | |
| BARRICADE & CONSTRUCTION, and | § | |
| TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION | § | |
| Defendants. | § | 62ND JUDICIAL DISTRICT |

### ORDER DENYING DEFENDANT TEXAS DEPARTMENT OF TRANSPORTATION'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND NO EVIDENCE MOTION FOR SUMMARY JUDGMENT

On the 17th day of September, came on to be heard Defendant Texas Department of Transportation's Motion to Dismiss for Lack of Jurisdiction and No Evidence Motion for Summary Judgment (the "Motion"). All parties appeared through counsel. After considering the Motion, Plaintiffs' Response, the summary judgment evidence before the Court, and arguments of counsel, Court is of the opinion that the Motion should be, in all things, DENIED.

It is, therefore, ORDERED, ADJUDGED and DECREED that Defendant Texas Department of Transportation's Motion to Dismiss for Lack of Jurisdiction and No Evidence Motion for Summary Judgment is DENIED in all respects.

SIGNED this 22 day of _____, 2015.

_____
JUDGE PRESIDING

ORDER DENYING DEFENDANT TEXAS DEPARTMENT OF TRANSPORTATION'S
MOTION TO DISMISS FOR LACK OF JURISDICTION AND NO EVIDENCE
MOTION FOR SUMMARY JUDGMENT                                      PAGE 1

1045