**Reverse and Render; Opinion Filed April 20, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01527-CV

## TEXAS DEPARTMENT OF TRANSPORTATION, Appellant
## V.
## JIMMY DON IVES, Appellee

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-02488-2017**

## MEMORANDUM OPINION

Before Justices Bridges, Whitehill, and Nowell
Opinion by Justice Nowell

The Texas Department of Transportation (TxDOT) appeals the trial court's

judgment based on an adverse jury verdict in favor of Jimmy Don Ives. Ives sued

TxDOT after he stepped into a drop inlet grate and injured his leg. In two issues,

TxDOT asserts the trial court lacked subject matter jurisdiction because the Texas

Tort Claims Act does not waive its immunity. We reverse the trial court's judgment

and render judgment dismissing the case for want of jurisdiction.

FACTUAL BACKGROUND

At approximately 9:00 p.m. on May 5, 2015, Ives ran out of gas while driving in Collin County. Leaving his car on the shoulder, Ives began walking in the grass along the road toward a gas station. Ives testified it was a dark, cloudy night, and there were not any streetlights. Unable to see the path in front of him, Ives fell into what was later determined to be a drop inlet grate and badly injured his leg. The jury saw multiple photographs of the drop inlet grate.

Gerald Waltman, a civil engineer for TxDOT, testified TxDOT "[m]ost likely" owns the drop inlet grate. The grate was approximately twenty years old, it was constructed according to specifications, and it did not appear to have been modified. Although thousands of similar grates exist throughout Texas, he had not heard about any other person falling into one. Waltman did not believe the drop inlet grate was a dangerous condition. He explained the area where Ives was walking was not designed for pedestrians; it was intended to facilitate water drainage. He did not believe the area needed warnings for pedestrians about the drop inlet grate, he would not have anticipated the accident, and he did not believe the grate posed an unreasonable risk of harm to pedestrians.

Following the jury trial, TxDOT filed a motion for judgment notwithstanding the verdict arguing it retained its sovereign immunity. The trial court denied the motion. This appeal followed.

LAW & ANALYSIS

Whether a court has subject matter jurisdiction is a question of law that we review de novo. *See Sampson v. Univ. of Texas at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). Sovereign immunity protects TxDOT from lawsuits for damages unless immunity has been waived. *See Texas Dept. of Transp. v. York*, 284 S.W.3d 844, 846 (Tex. 2009) (per curiam). The Texas Tort Claims Act (TTCA) waives immunity in three areas when the statutory requirements are met: (1) use of publicly owned automobiles; (2) injuries arising out of a condition or use of tangible personal property; and (3) premises defects. *Sampson*, 500 S.W.3d at 384. An alleged premises defect is at issue in this case.

Under the TTCA, when a claim arises from a premises defect, the governmental unit owes the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises. TEX. CIV. PRAC. & REM. CODE § 101.022(a). The duty owed to a licensee requires that a landowner not injure a licensee by willful, wanton, or grossly negligent conduct, and that the owner use ordinary care to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not. *Sampson*, 500 S.W.3d at 385; *see also Tarrant Reg'l Water Dist. v. Johnson*, 572 S.W.3d 658, 664 (Tex. 2019). Actual knowledge of the dangerous condition is required. *City of Dallas v. Freeman*, No. 05-18-00961-CV, 2019 WL 3214152, at *5 (Tex. App.—Dallas July 17, 2019, no pet.) (mem. op.) (citing *Sampson*, 500

–3–

S.W.3d at 392). Constructive knowledge of the defect is insufficient. *See Sampson*, 500 S.W.3d at 392; *see also Freeman*, 2019 WL 3214152, at *5. Additionally, "[a]wareness of a potential problem is not actual knowledge of an existing danger." *Freeman*, 2019 WL 3214152, at *5 (citing *Reyes v. City of Laredo*, 335 S.W.3d 605, 609 (Tex. 2010)). Courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition. *Sampson*, 500 S.W.3d at 392.

In its second issue, TxDOT argues there is no evidence it had actual knowledge of the alleged danger posed by the drop inlet grate. We agree.

It is uncontested TxDOT knew the drop inlet grate was installed at the location where Ives fell. Waltman was the only witness to testify about what knowledge, if any, TxDOT had about the grate, and his testimony was not contradicted. Waltman testified the area where Ives walked was intended to facilitate water drainage and was not intended for pedestrian traffic. Waltman was not aware of anyone else in Texas falling into a drop inlet grate, and there was no evidence TxDOT ever received reports of prior injuries or the alleged dangerous condition. Waltman did not believe the inlet grate drop was a dangerous condition, and he also did not believe TxDOT should have installed warnings around the inlet grate drop for pedestrians.

To show TxDOT had actual knowledge the drop inlet grate was unreasonably dangerous, Ives relies on a trial exhibit showing three orange traffic control panels on the side of a road near a drop inlet grate. Ives's counsel stated at trial that the

–4–

image is "a Google image of [sic] 2017." Waltman testified the photograph appeared to show some traffic control devices, also called vertical panels, alongside a road. He did not identify the location of the panels, and he did not know why the panels were placed where they were when the image was taken. Ives argues these panels show TxDOT attempted to warn of the dangerous condition, make it safe, or maintain it in a reasonably safe manner by placing the vertical panels on either side of the grate where he fell. We disagree.

If we assume the traffic control devices are along the road and near the grate where Ives was injured,[1] there is no evidence showing the devices were placed in that location to warn about the grate, make the grate safe, or maintain it in a reasonably safe condition. Rather, Waltman opined the panels were placed near a low area in the road that floods during high rains; he testified: "if there's water, a lot of water, standing in this low area, then maintenance crews could go out and put these to divert traffic over to another lane." He opined that once the excess water cleared, someone "saw these out in the road and tossed them to the side." No other evidence about the panels was offered.

This testimony does not show TxDOT had actual knowledge of the alleged danger posted by the drop inlet grate. After reviewing the record, we conclude there

---

[1] We also do not address the fact that the image is from 2017, two years or more after the incident.

is no evidence showing TxDOT had the requisite actual knowledge for its immunity to be waived under the TTCA.  We sustain TxDOT's second issue.

Based on our resolution of TxDOT's second issue, we need not consider its first issue: whether it is immune from suit because its conduct fell within the discretionary function exception to the TTCA's waiver of immunity.  *See* TEX. CIV. PRAC. & REM. CODE § 101.056; *see also* TEX. R. APP. P. 47.1.

CONCLUSION

We conclude the trial court erred by denying TxDOT's motion for judgment notwithstanding the verdict.  The trial court lacked subject matter jurisdiction to consider Ives's premises liability claim against TxDOT.  Accordingly, we reverse the trial court's judgment and render judgment dismissing the case for want of jurisdiction.

/Erin A. Nowell/

ERIN A. NOWELL
JUSTICE

181527F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

TEXAS DEPARTMENT OF
TRANSPORTATION, Appellant

No. 05-18-01527-CV      V.

JIMMY DON IVES, Appellee

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-02488-
2017.
Opinion delivered by Justice Nowell.
Justices Bridges and Whitehill
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** dismissing the case for want of jurisdiction.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 20th day of April, 2020.